JOHNSON, JOHNSON, STOKES, SAND-
BERG & KRAGNESS, LTD., Plain-
tiff and Appellant,

v.

Leonard BIRNBAUM, Defendant
and Appellee.

Civil No. 960130.

Supreme Court of North Dakota.

Nov. 13, 1996.

Kragness & Sandberg, Ltd., Wahpeton, for plaintiff and appellant. Submitted on brief by Duane Kragness.

Krassin Law Office, Wahpeton, for defendant and appellee. Submitted on brief by Don R. Krassin.

VANDE WALLE, Chief Justice.

The law firm of Johnson, Johnson, Stokes, Sandberg & Kragness, Ltd. [Johnson Law Firm] appealed from a district court order vacating a default judgment for damages against Leonard Birnbaum. We hold the default judgment was not void and, consequently, the district court erred in vacating it under Rule 60(b)(iv), N.D.R.Civ.P. We reverse.

In 1986, attorney A.W. Stokes, an attorney in the Johnson Law Firm, performed legal services for Birnbaum. After Stokes left the firm, it sued Birnbaum for fees allegedly due for Stokes's legal services. A default judgment was entered against Birnbaum on February 3, 1993, for $1,253.06.

In November 1995, after the Johnson Law Firm proceeded against Birnbaum's property to collect the judgment, Birnbaum filed a motion under Rule 60(b), N.D.R.Civ. P., to vacate the judgment. The district court granted the motion, explaining its reasons in a written memorandum opinion:

"The only basis on which the Court will make its decision is whether or not the judgment is void. The Court has determined after a review of briefs and arguments submitted by the parties and a review of applicable case and statutory law that the judgment is void.

"At the hearing on the motion, the Defendant presented unrefuted evidence that he had a contingency fee arrangement with Attorney at Law A.W. Stokes for work Plaintiff was to do for Defendant in 1986. . . .

"The question thus becomes, is the judgment void because the contingency fee agreement entered into between the parties would have not allowed the Plaintiff to proceed to a judgment based on hourly billings?

"[T]he original judge apparently did not have the knowledge that a contingency fee agreement existed. . . .

\*   \*   \*   \*   \*   \*

"[B]ut the Plaintiff cannot have a money judgment based on an hourly fee contract when no such contract ever existed."

The Johnson Law Firm asserts the trial court erred in vacating the default judgment. Generally, an order vacating a default judgment is not appealable. *Suburban Sales v. District Court of Ramsey County*, 290 N.W.2d 247 (N.D.1980). However, because the court's order in this case appeared to effectively dispose of the lawsuit on its merits, it is a final and appealable order. *E.g., Lang v. Bank of Steele*, 415 N.W.2d 787 (N.D.1987) (recognizes that trial court's

memorandum opinion intended to constitute final order of the court is appealable).

One who moves for Rule 60(b) relief has the burden of establishing sufficient grounds for disturbing the finality of the judgment. *McComb v. Aboelessad*, 535 N.W.2d 744 (N.D.1995). The decision whether to vacate a judgment under Rule 60(b)(iv), N.D.R.Civ.P., is not within the district court's discretion; rather, if the judgment is valid the motion to vacate it must be denied, and if the judgment is void the court must vacate it. *First National Bank of Crosby v. Bjorgen*, 389 N.W.2d 789 (N.D.1986). A judgment is void only if the court lacks subject-matter jurisdiction over the action or personal jurisdiction over the parties. *Production Credit Association v. Dobrovolny*, 415 N.W.2d 489 (N.D.1987). An erroneous ruling by a trial court may furnish grounds for appeal, but it does not divest the court of subject-matter jurisdiction nor invalidate the judgment rendered under the erroneous ruling. *Matter of Estate of Hansen*, 458 N.W.2d 264 (N.D. 1990).

In entering the default judgment, the district court neither lacked subject-matter jurisdiction over the action nor personal jurisdiction over the parties. Birnbaum, in essence, concedes that fact in his appellate brief. Consequently, the default judgment was not void, and the district court erred in vacating it under Rule 60(b)(iv), N.D.R.Civ.P. The district court did not consider whether other grounds exist for vacating the default judgment, and we therefore do not consider that issue in this appeal.

The order vacating the default judgment is reversed.

SANDSTROM, NEUMANN, MARING and MESCHKE, JJ., concur.