Jensen, Justice.
 

 [¶1] Shane Dockter appeals from orders denying his N.D.R.Civ.P. 60(b) motion to vacate a default judgment asserting that the default judgment was either void or should be vacated for excusable neglect. Applying the limited standard for reviewing denial of motions to vacate default judgments, we conclude the district court did not abuse its discretion and we affirm the orders denying the motion.
 

 I
 

 [¶2] Brandon and Shane Dockter are brothers. In 2007, the brothers formed a partnership to facilitate a joint farming operation. In conjunction with the formation of the partnership the brothers also created a trust, the Dockter Brothers Irrevocable Trust, to hold farmland located in Stutsman County. The brothers were co-trustees of the trust.
 

 [¶3] Shane has mental health and chemical dependency problems. By 2012, Shane's mental health and chemical dependency had escalated and caused him to be absent from the farm. In 2015, Shane was detained by law enforcement after he was found walking down a public road carrying a Bible while wearing a church robe and claiming to be Jesus. The incident resulted in Shane's admission to the North Dakota State Hospital for a period of approximately one month. Around the same time, Shane developed an addiction to opioids and methamphetamine. He was readmitted to the State Hospital in late 2016 after threatening his mother. In February 2017, Shane was arrested for various offenses and was readmitted to the State Hospital.
 

 [¶4] On February 24, 2017, Brandon commenced a lawsuit against Shane seeking "dissolution" of the partnership and "dissolution" of the trust. Brandon alleged that "Shane's mental health and chemical dependency problems" made him unable to participate in partnership activities and made it impossible to achieve the purpose of the trust. Shane was served while in custody at the sheriff's office. Shane did not answer the complaint, and he was readmitted to the State Hospital from April 14, 2017 to May 8, 2017.
 

 [¶5] On May 2, 2017, while Shane was at the State Hospital, Brandon moved for default judgment. Shane was served with the motion for default judgment at the State Hospital. Shane did not respond to
 
 *37
 
 the motion for default judgment, and the district court granted the default judgment "expell[ing]" Shane from the partnership and removing him as co-trustee of the trust.
 

 [¶6] In his motion for a default judgment Brandon asserted, in his supporting affidavit, that he had made contributions to the partnership without any reciprocal compensation. Brandon's affidavit stated the value of his contributions exceeded the value of Shane's interest in the partnership. Relying on the evidence provided by Brandon's affidavit, the district court did not include any compensation to Shane for his interest in the partnership in the default judgment.
 

 [¶7] On June 23, 2017, Shane received notice of entry of the default judgment. On November 7, 2017, Shane filed a motion to vacate the default judgment under N.D.R.Civ.P. 60(b). Shane's motion to vacate the default judgment asserted that the default judgment was void because the relief provided by the default judgment exceeded the relief requested in the complaint by failing to compensate Shane for his interest in the partnership. Shane also asserted that the motion to vacate should be granted on the ground of excusable neglect. Shane submitted an affidavit stating in part:
 

 I have a vague recollection of receiving legal papers from Brandon's attorneys. They were served by the Sheriff. Because of my mental state in February 2017, I recall thinking that Brandon's attorneys thought I was Jesus and that's why they were sending me documents. I also recall thinking the papers were fake.
 

 Until about late-May of this year, this was my predominant thought about the current lawsuit. In June I started to realize that Brandon was suing me. However, I was incarcerated, with no money, and no one that was willing or able to help me.
 

 I felt like there was nothing I could do and until June or July 2017 when Scott Sandness gave me a list of attorneys I could call and my cousin, Amy, started helping me contact attorneys. Amy and I called in excess of 20 attorneys in July and August 2017.
 

 Finally, on September 13, 2017, I was able to find an attorney willing to represent me.
 

 [¶8] Shane also provided a report of a psychologist who evaluated him shortly before the motion to vacate was brought, which included the following diagnosis and observations:
 

 289.9, Unspecified Schizophrenia Spectrum and Other Psychotic Disorder ; 295.90, Substance/medication-Induced Psychotic Disorder ; 304.40, Severe Amphetamine-type Substance Use Disorder (in a controlled environment); 303.90, Moderate Alcohol Use Disorder (in a controlled environment); 304.00, Opioid Use Disorder (in early remission; in a controlled environment)
 

 ....
 

 3) From February, 2017 to July, 2017, Mr. Dockter's ability and effectiveness to assist an attorney in responding to allegations, formulate a litigation strategy, discern fact from fiction, recall and volunteer relevant information about his partnership, account for partnership assets, income, and debts, and otherwise respond to an attorney's requests for information (notwithstanding the fact he was incarcerated), would have been extremely limited and inconsistent; and
 

 4) From February, 2017 to July, 2017, Mr. Dockter's ability to understand, and appreciate the importance of the
 
 *38
 
 civil legal proceedings against him would also have been limited and inconsistent, with periods of lucid response (if it is outside of his delusional set), along with periods of bizarre and delusional ideation.
 

 At the same time he filed his motion to vacate the default judgment, Shane filed an answer and counterclaim to Brandon's complaint. The district court denied the motion to vacate.
 

 II
 

 [¶9] On appeal, Shane argues the district court abused its discretion in denying his motion to vacate the default judgment. First, he argues the default judgment was void and must be vacated under N.D.R.Civ.P. 60(b)(4). Second, he argues the court abused its discretion by denying relief as provided in N.D.R.Civ.P. 60(b)(1), which allows relief from a final judgment for mistake, inadvertence, surprise, or excusable neglect.
 

 [¶10] Our review of the denial of a motion to vacate a default judgment is well settled.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Bickler v. Happy House Movers, L.L.P.
 
 ,
 
 2018 ND 177
 
 , ¶ 12,
 
 915 N.W.2d 690
 
 . We have summarized our review as follows:
 

 On appeal, to establish a basis for relief under N.D.R.Civ.P. 60(b) from a district court's denial of a motion for relief from a default judgment, a party must show the district court abused its discretion. An abuse of discretion by the [district] court is never assumed and must be affirmatively established, and this Court will not overturn a court's decision merely because it is not the one it would have made had it been deciding the motion.
 

 This Court has previously stated there should generally be greater liberty in granting motions under N.D.R.Civ.P. 60(b) when the matter involves a default judgment rather than a judgment following a full trial on the merits. However, a Rule 60(b) motion is not a substitute for appeal and should not be used to relieve a party from free, calculated and deliberate choices he or she has made. The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances. "A defendant's own errors will not always constitute proper grounds for relief from a default judgment." Rather, the applicable standard under N.D.R.Civ.P. 60(b) ( [1] ) to relieve a party from a judgment is whether there was "mistake, inadvertence, surprise, or excusable neglect."
 

 Key Energy Servs., LLC v. Ewing Constr. Co., Inc.
 
 ,
 
 2018 ND 121
 
 , ¶ 13,
 
 911 N.W.2d 319
 
 (internal citations omitted).
 

 [¶11] This Court has also provided the following summary of the district court's discretion in the context of a motion to vacate a default judgment:
 

 A motion to vacate a judgment under N.D.R.Civ.P. 60(b) ( [1] ) lies within the sound discretion of the trial court, and the trial court's decision will not be disturbed on appeal unless the court abused its discretion.
 
 Gepner v. Fujicolor Processing, Inc.
 
 ,
 
 2001 ND 207
 
 , ¶ 13,
 
 637 N.W.2d 681
 
 (citations omitted). A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner.
 
 Id
 
 ."A trial court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination."
 
 Id
 
 .
 

 State v. $33,000.00 U.S. Currency
 
 ,
 
 2008 ND 96
 
 , ¶ 12,
 
 748 N.W.2d 420
 
 .
 

 *39
 
 A
 

 [¶12] Shane argues the default judgment should be vacated under N.D.R.Civ.P. 60(b)(4) because it is void. His argument relies upon a determination that the default judgment is void because it violates N.D.R.Civ.P. 54(c), which precludes the granting of relief in the default judgment that differs from the relief requested in the complaint. The pertinent portion of N.D.R.Civ.P. 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Shane contends the complaint included a requested buyout of Shane's partnership interest and an accounting of the parties' partnership interests, and that those remedies are different than the remedies awarded in the district court's default judgment. Similarly, Shane contends the court's removal of Shane as a trustee from the trust is a different remedy than the request in the complaint to terminate the trust.
 

 [¶13] Regardless of whether Shane is correct in his assertion that the default judgment violates N.D.R.Civ.P. 54(c) because it grants relief different than the relief requested in Brandon's complaint, his motion to vacate fails to satisfy N.D.R.Civ.P. 60(b)(4). We have previously limited the scope of the term "void" for the purpose of granting relief under N.D.R.Civ.P. 60(b)(4) to judgments entered when the district court lacked either subject-matter jurisdiction or personal jurisdiction over the parties.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC
 
 ,
 
 2016 ND 176
 
 , ¶¶ 11-12,
 
 883 N.W.2d 917
 
 ;
 
 Alliance Pipeline L.P. v. Smith
 
 ,
 
 2013 ND 117
 
 , ¶ 18,
 
 833 N.W.2d 464
 
 ;
 
 see also
 
 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
 
 Federal Practice & Procedure
 
 § 2862 (3d ed. 2012) (a judgment is void for the purposes of Rule 60(b)(4) not because it is merely "erroneous," but "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law") (footnotes omitted). In
 
 Johnson, Johnson, Stokes, Sandberg & Kragness, Ltd. v. Birnbaum,
 

 555 N.W.2d 583
 
 , 585 (N.D. 1996), this Court explained that in the context of N.D.R.Civ.P. 60(b)(4)"[a] judgment is void only if the court lacks subject-matter jurisdiction over the action or personal jurisdiction over the parties." This is consistent with the United States Supreme Court holding that " Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."
 
 United Student Aid Funds, Inc. v. Espinosa
 
 ,
 
 559 U.S. 260
 
 , 271,
 
 130 S.Ct. 1367
 
 ,
 
 176 L.Ed.2d 158
 
 (2010) ;
 
 see also
 
 12 James Wm. Moore,
 
 Moore's Federal Practice
 
 § 60.44[1][a] (3d ed. 2018); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
 
 Federal Practice & Procedure
 
 § 2862 (3d ed. 2012);
 
 cf
 
 .
 
 Chicot Cty. Drainage Dist. v. Baxter State Bank
 
 ,
 
 308 U.S. 371
 
 , 376,
 
 60 S.Ct. 317
 
 ,
 
 84 L.Ed. 329
 
 (1940). In
 
 Peterson v. Peterson
 
 ,
 
 1997 ND 14
 
 , ¶ 9,
 
 559 N.W.2d 826
 
 , we explained:
 

 Subject matter jurisdiction is not determined by whether the court correctly applies a statute to a particular claim because, to hold otherwise, would vest subject matter jurisdiction in the court subject to divestment upon an erroneous ruling.
 
 Rott v. Connecticut General Life Ins. Co.
 
 ,
 
 478 N.W.2d 570
 
 , 574 (N.D. 1991). The trial court's misapplication of a statute may be grounds for appeal, but it neither implicates subject matter jurisdiction nor personal jurisdiction.
 
 Matter of Estate of Hansen
 
 ,
 
 458 N.W.2d 264
 
 , 268 (N.D. 1990).
 

 [¶14] Shane has not alleged the district court lacked either personal or subject
 
 *40
 
 matter jurisdiction. He alleges only that the court violated N.D.R.Civ.P. 54(c). Because the court did not lack subject matter or personal jurisdiction, the judgment is not void. The court's denial of Shane's request to vacate the judgment under N.D.R.Civ.P. 60(b)(4) was appropriate and was not an abuse of discretion.
 

 [¶15] During oral argument, the parties were questioned whether the default judgment complied with the requirement of N.D.R.Civ.P. 55(a)(2) that Brandon provide the "necessary proof to enable" the district court to determine the appropriate relief. Specifically, the question was whether the necessary proof had been provided to support the court's conclusion that Shane was not entitled to a distribution from the partnership or payment for his partnership interest. However, this Court has previously held that a default judgment entered in violation of N.D.R.Civ.P. 55 is not void, but is irregular.
 
 See
 

 Wilson v. Wilson
 
 ,
 
 364 N.W.2d 113
 
 , 116 (N.D. 1985) ;
 
 Perdue v. Sherman
 
 ,
 
 246 N.W.2d 491
 
 , 493 (N.D. 1976). Therefore, regardless of whether the default judgment violates N.D.R.Civ.P. 55, the violation would not warrant relief under N.D.R.Civ.P. 60(b)(4) as a void judgment.
 

 B
 

 [¶16] Shane contends the district court abused its discretion by determining the default judgment should not be vacated for "excusable neglect" under N.D.R.Civ.P. 60(b)(1).
 

 [¶17] Shane asserts the district court abused its discretion by misapplying the law in considering whether there was excusable neglect. He asserts the court erroneously considered the length of time he delayed in taking action from the service of the summons and complaint rather than from the date of the notice of entry of the default judgment in violation of N.D.R.Civ.P. 60(c)(1). Rule 60(c)(1), N.D.R.Civ.P., provides, in part, that a motion to vacate a judgment for "excusable neglect" must be made "no more than a year after notice of entry of the judgment or order in the action or proceeding if the opposing party appeared, but not more than one year after a default judgment has been entered."
 

 [¶18] Shane's assertion the district court misapplied the law is not correct. In discussing whether excusable neglect existed, the court noted:
 

 "[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."
 
 King v. Montz
 
 ,
 
 219 N.W.2d 836
 
 , 839 (N.D. 1974).
 

 [¶19] In the present case, Shane was served with the summons and complaint on February 24, 2017. Shane did not respond to these documents. Consequently, Brandon moved for default judgment on April 26, 2017. Again, Shane was personally served with the default judgment motion; however, he did not respond. The district court subsequently entered a default judgment on June 22, 2017. Shane did not move to vacate the default judgment until November 7, 2017. "Every Rule 60(b) motion must be made within a 'reasonable time.' "
 
 Estate of Hansen
 
 ,
 
 458 N.W.2d 264
 
 , 269 (N.D. 1990). In 12 James Wm. Moore,
 
 Moore's Federal Practice
 
 § 60.65[1] (3d ed. 2018), the authors explain:
 

 In assessing the reasonableness of a delay in bringing a Rule 60(b) motion, the relevant period usually is measured from the time at which the moving party could have filed the motion, which is not necessarily the date on which the underlying judgment was entered.
 

 *41
 
 (footnote omitted). Shane waited for nearly one year to respond to the complaint. The court ruled this extended period of inaction did not constitute excusable neglect or mistake.
 

 [¶20] Here, the district court expressly noted that a "timely" motion should be granted if there is a meritorious defense. In the context of evaluating whether there was excusable neglect, the court mentioned the delay between the summons and complaint and any action having been taken by Shane. The court did not cite to N.D.R.Civ.P. 60(c)(1), nor did the court conclude that the motion was untimely. The reference to the delay is limited to the court's consideration of excusable neglect and was not a determination that the motion was untimely under N.D.R.Civ.P. 60(c)(1). Had the court concluded the motion was untimely under N.D.R.Civ.P. 60(c)(1), there would have been no need to engage in further analysis and the court would have simply denied the motion as untimely. The court did not misapply the law because it treated Shane's motion as timely, did not dismiss his motion as untimely, and considered the merits of Shane's claim that the default judgment was void and that the default judgment should be vacated for his excusable neglect.
 

 [¶21] Shane paints a sympathetic case for vacating the judgment. However, this Court's review does not allow for the substitution of our judgment in place of the district court's judgment. We consider whether the court's decision was "the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination."
 
 $33,000.00 U.S. Currency
 
 ,
 
 2008 ND 96
 
 , ¶ 12,
 
 748 N.W.2d 420
 
 (internal quotation omitted). The court explained why it was denying Shane's motion:
 

 In the present case, Shane was served with the Summons and Complaint on February 24, 2017. Shane did not respond to the aforementioned documents. Consequently, Brandon moved for default judgment on April 26, 2017. Again, Shane was personally served with the default judgment motion, however, he did not respond. The Court subsequently entered a default judgment on June 22, 2017. Shane did not move to vacate the default judgment until November 7, 2017. Therefore, Shane waited for nearly one year to respond to the Complaint. Such an extended period of inaction cannot be said to constitute excusable neglect or mistake. In addition, after the default judgment was entered, Brandon engaged in business with other parties under the representation that Shane was no longer a partner. The parties have relied on this representation since the judgment was entered and Brandon has relied on the default judgment to operate the Partnership. Thus, to vacate the default judgment would be prejudicial to Brandon.
 

 [¶22] Shane asserts he was not able to respond because of his mental state. In the winter and spring of 2017 Shane was able to participate in pending criminal proceedings, under the case entitled State of North Dakota v. Shane Dockter (Case No. 47-2017-CR-00136). Furthermore, Shane was only in the State Hospital for two periods of time, from February 16, 2017 to February 21, 2017 and from April 14, 2017 to May 8, 2017. According to Dr. Jay Phillippi, Shane did experience periods of lucidity between February and July 2017.
 

 [¶23] Shane contends he has a meritorious defense because he was not bought out in accordance with the buy-sell provision of the Partnership Agreement. However,
 
 *42
 
 the district court found Shane wrongfully dissociated, and was liable to the Partnership under N.D.C.C. § 45-10.2-58(3). Further, the court held: 1) Shane had no right to receive a distribution on account of his dissociation under N.D.C.C. § 45-10.2-50 ; 2) Shane caused a great deal of harm to the Partnership; and 3) Brandon made contributions that exceeded the value of Shane's interest in the Partnership. We recognize a " 'meritorious' claim or defense ... does not mean that the moving party must show that he or she is likely to prevail," 12 James Wm. Moore,
 
 Moore's Federal Practice
 
 § 60.24[2] (3d ed. 2018) (footnote omitted), and "if there is any doubt that the defenses may prevail, the judgment should be vacated."
 
 $33,000.00 U.S. Currency
 
 ,
 
 2008 ND 96
 
 , ¶ 19,
 
 748 N.W.2d 420
 
 . But the "moving party must state enough facts to give a court an opportunity to measure whether the claim or defense has any potential." 12 James Wm. Moore,
 
 Moore's Federal Practice
 
 § 60.24[2];
 
 see also
 

 $33,000.00 U.S. Currency
 
 , at ¶ 18. Shane did not do so. We conclude the findings are supported by the evidence, and thus, Shane has not raised a meritorious defense.
 

 [¶24] In summary, Shane had the opportunity to defend himself in this action; however, he chose to not respond until his partnership rights were extinguished. His conduct does not constitute excusable neglect, nor does it render the judgment void. We conclude this is not an extraordinary or exceptional circumstance that warrants vacating the judgment.
 

 [¶25] The district court's decision addresses each of Shane's contentions supporting his argument that his failure to take action was the result of excusable neglect. The court noted the procedural time line and the delay between the notice of the default judgment and Shane's motion to vacate. The court noted Brandon's reliance on the default judgment and the reliance of third parties on the default judgment. The court addressed the allegations of Shane's mental and physical barriers to responding and concluded that the record supported a finding that Shane had periods of lucidity. Ultimately, the court concluded that Shane had an opportunity to defend himself in the action and his conduct did not constitute excusable neglect. The court's decision was the product of a rational mental process by which the facts and law relied upon were stated and considered together for the purpose of achieving a reasoned and reasonable determination. We conclude the court's denial of the motion to vacate for excusable neglect under N.D.R.Civ.P. 60(b)(1) was not an abuse of discretion.
 

 III
 

 [¶26] We affirm the district court's orders denying the motion to vacate the judgment.
 

 [¶27] Jon J. Jensen
 

 Daniel J. Crothers
 

 [¶28] The Honorable Ronald E. Goodman, S.J., sitting in place of McEvers, J., disqualified.
 

 Tufte, Justice, concurring in the result.
 

 [¶29] I concur in the result.
 

 [¶30] On this cold record, I am quite doubtful that, were I sitting in the district court, I would have found Shane's incarceration and involuntary mental health treatment insufficient to constitute excusable neglect. The majority and the district court appear to minimize Shane's serious mental health impairments. A finding that Shane had "periods of lucidity" and was "only in the State Hospital for two periods of time," Majority, at ¶ 22, suggests that mental illness may never be sufficient to
 
 *43
 
 support a Rule 60(b)(1) motion premised on excusable neglect. We review a denial of a motion to vacate a default judgment under a deferential abuse of discretion standard. I concur in the result because the circumstances here may (just) meet that standard. The better course for the district court would have been to vacate the default judgment so that the court could determine, on the basis of evidence rather than Brandon's unsupported assertion, whether Brandon's contributions to the partnership exceeded the value of Shane's partnership interest.
 

 [¶31] Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.
 

 Ronald E. Goodman, S.J.