# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 25

Don's Garden Center, Inc.,

Donald McIlravy and Carol McIlravy,                    Plaintiffs and Appellees

v.

The Garden District Inc., all other occupants,                    Defendants

and

Ryan Kratz,                    Defendant and Appellant

### Nos. 20230270 & 20230271

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Abbagail C. Geroux, Jamestown, ND, for plaintiffs and appellees.

Ryan Kratz, self-represented, Fargo, ND, defendant and appellant.

**Bahr, Justice.**

[¶1] Ryan Kratz appeals an order and judgment denying his N.D.R.Civ.P. 60(b) motion. We conclude Kratz's appeal is limited to the judgment denying his Rule 60(b) motion; Kratz's Rule 60(b) motion was timely; the district court had jurisdiction over these eviction cases; any violation of N.D.R.Ct. 7.1(b)(1) was harmless error; and the court did not abuse its discretion in awarding attorney's fees. We affirm.

I

[¶2] Donald McIlravy and Carol McIlravy owned Don's Garden Center, Inc. The McIlravys entered into a purchase agreement with Kratz, the owner of The Garden District Inc. The agreement provided Kratz would purchase the business and the building for $90,000. Kratz did not make payments as agreed. The McIlravys filed an eviction action on August 28, 2016 ("the first eviction action"). Three days later, September 1, 2016, the McIlravys filed a second eviction action ("the second eviction action"). Both complaints requested eviction under N.D.C.C. § 47-32-01. The only substantive difference between the complaints is the complaint in the second eviction action alleged Kratz "was properly served with a written Three-Day Notice of Intent to Evict on August 29, 2016."

[¶3] In the first eviction action, the McIlravys filed a motion for preliminary injunction requesting Kratz be enjoined from further damaging the land. The district court entered a temporary restraining order. In November 2016, based on the parties' agreement, the court ordered Kratz to pay to the McIlravys $13,500 and payments of $1,500 per month while the parties attempted to resolve the matters. The amounts were to be deposited in the McIlravys' attorney's trust account and disbursed by agreement of the parties or order of the court. Kratz deposited the initial $15,000, but he failed to make further deposits.

[¶4] In August 2017, the district court dismissed the second eviction action. The court concluded the McIlravys could not maintain the eviction action because there was a contract for deed. The court kept the first eviction action open, and ordered the funds deposited in the trust account remain in the account until otherwise ordered by the court or agreed to by the parties. Kratz did not appeal.

[¶5] The McIlravys filed a third action in September 2017. In that case, the McIlravys requested the district court award damages, cancel the contract for deed, and order the $15,000 in the trust account be distributed to the McIlravys to offset their damages. In May 2018, after various motions and a hearing, the court found the McIlravys to be the owners of the property, awarded the McIlravys $43,294.54 in damages, and ordered the $15,000 in the trust account be released to the McIlravys to offset their damages. The clerk entered judgment in June 2018; Kratz did not appeal.

[¶6] In May 2018, the McIlravys moved to dismiss the first eviction action. The district court granted the motion. Kratz did not appeal.

[¶7] In April 2023, Kratz filed a N.D.R.Civ.P. 60(b) motion in the joined eviction cases. Kratz argued the district court lacked subject matter jurisdiction over the eviction actions and requested the court vacate or void all findings, conclusions, and orders, except the dismissals of the eviction actions. The court denied the motion and awarded attorney's fees to the McIlravys.

II

[¶8] "An appeal from a [district] court's refusal to vacate an order under Rule 60(b), N.D.R.Civ.P., does not permit the appellant to attack the underlying order from which an appeal could have been, but was not, brought." *Kautzman v. Doll*, 2018 ND 23, ¶ 5, 905 N.W.2d 744 (quoting *Anderson v. Baker*, 2015 ND 269, ¶ 8, 871 N.W.2d 830). Rather, our review is limited to the order that was appealed. *Matter of Est. of Bartelson*, 2019 ND 107, ¶ 12, 925 N.W.2d 416.

[¶9] Kratz did not appeal the May 23, 2018 order granting plaintiff's motion for dismissal in the first eviction action. He also did not appeal the August 28,

2017 findings of fact, conclusions of law, and order in the second eviction action. He cannot now do so by appealing the district court's order denying his Rule 60(b) motion to vacate the orders. *See Kautzman*, 2018 ND 23, ¶ 5 (appeal of district court's denial of motion to reconsider did not permit appellant to challenge the underlying disorderly conduct restraining order); *Anderson*, 2015 ND 269, ¶ 8 (appeal of district court's denial of motion for reconsideration did not permit appellant to challenge the underlying order holding appellant in contempt of court). Therefore, we only consider Kratz's arguments regarding the court's denial of his Rule 60(b) motion and not the underlying orders.

## III

[¶10] Rule 60(b), N.D.R.Civ.P., allows the district court to relieve a party from a final judgment or order. We review the court's denial of a Rule 60(b) motion for an abuse of discretion. The court abuses its discretion "when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Olson Fam. Ltd. P'ship v. Velva Parks, LLC*, 2023 ND 216, ¶ 6, 997 N.W.2d 840.

## A

[¶11] Kratz brought his motion under N.D.R.Civ.P. 60(b)(4) more than five years after the entry of the final orders.

[¶12] Rule 60(c)(1), N.D.R.Civ.P., provides, "A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after notice of entry of the judgment or order in the action or proceeding if the opposing party appeared, but not more than one year after a default judgment has been entered." "[A]lthough a motion to vacate a judgment under Rule 60(b) must generally be made within a 'reasonable' time, this Court has clarified that anytime is a 'reasonable' time to set aside a void judgment, and accordingly there is no time limit for attacking a void judgment under Rule 60(b)(4)." *Peterson v. Jasmanka ex rel. Clark*, 2014 ND 40, ¶ 10, 842 N.W.2d 920 (cleaned up).

[¶13] Although Kratz brought his Rule 60(b)(4) motion years after the final orders were entered, his motion is timely because there is no time limit to bring a Rule 60(b)(4) motion attacking a void judgment. *Peterson,* 2014 ND 40, ¶ 10. The district court properly considered Kratz's Rule 60(b)(4) motion.

B

[¶14] Kratz argues the district court did not have subject matter jurisdiction over the eviction actions.

[¶15] "Rule 60(b)(4), N.D.R.Civ.P., states, 'On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: the judgment is void.' The standard of review for a motion to vacate a judgment as void is plenary." *Oden v. Minot Builders Supply*, 2021 ND 30, ¶ 9, 955 N.W.2d 102 (quoting N.D.R.Civ.P. 60(b)(4)). "When analyzing a motion challenging a judgment as void under Rule 60(b)(4), 'the court's sole task is to determine the validity of the judgment.'" *Id.* at ¶ 10 (quoting *Roe v. Doe*, 2002 ND 136, ¶ 6, 649 N.W.2d 566). "This Court has 'limited the scope of the term "void" for the purpose of granting relief under N.D.R.Civ.P. 60(b)(4) to judgments entered when the district court lacked either subject-matter jurisdiction or personal jurisdiction over the parties.'" *Id.* (quoting *Dockter v. Dockter*, 2018 ND 219, ¶ 13, 918 N.W.2d 35). "Unlike other Rule 60(b) motions, 'a district court has no discretion in deciding whether to grant the motion if the court lacked subject matter jurisdiction, but the party bringing the motion must show sufficient grounds for disturbing the finality of the earlier judgment.'" *Id.* (quoting *State v. Peltier*, 2018 ND 170, ¶ 9, 915 N.W.2d 115).

[¶16] Article VI, § 8, of the North Dakota Constitution provides, "The district court shall have original jurisdiction of all causes[.]" Section 27-05-06, N.D.C.C., provides, "The district courts of this state have the general jurisdiction conferred upon the courts by the constitution[.]" The district courts' jurisdiction includes the "[p]ower to hear and determine all civil actions and proceedings." N.D.C.C. § 27-05-06(2). Section 47-32-01, N.D.C.C., specifically provides, "An action of eviction to recover the possession of real estate is maintainable in the proper district court[.]"

4

[¶17] The district court had jurisdiction over the eviction actions. An eviction action is a civil proceeding that a district court has jurisdiction to hear. Moreover, N.D.C.C. § 47-32-01 specifically grants district courts subject matter jurisdiction over eviction actions. *See Spirit Prop. Mgmt. v. Vondell*, 2017 ND 158, ¶ 9, 897 N.W.2d 334 ("Under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27-05-06 and 47-32-01, a district court has jurisdiction over eviction actions.").

[¶18] Kratz argues the district court only had subject matter jurisdiction to dismiss the eviction actions, making the court's other findings and orders void. We need not address whether the court erred by not dismissing both eviction actions because of the contract for deed, joining the two eviction actions, issuing the temporary restraining order, or ordering deposits into or distributions from the trust account. Even if the court exceeded its authority under N.D.C.C. ch. 47-32 or misapplied the law, doing so did not divest the court of subject matter jurisdiction.

> Subject matter jurisdiction is not determined by whether the court correctly applies a statute to a particular claim because, to hold otherwise, would vest subject matter jurisdiction in the court subject to divestment upon an erroneous ruling. The trial court's misapplication of a statute may be grounds for appeal, but it neither implicates subject matter jurisdiction nor personal jurisdiction.

*Dockter*, 2018 ND 219, ¶ 13 (cleaned up).

[¶19] Kratz's remedy if the district court misapplied the law was to appeal the relevant order. Kratz did not do so. The court had, and continued to have, jurisdiction over the eviction actions even if the court misapplied the law or issued an erroneous order.

IV

[¶20] Kratz argues the district court abused its discretion when the court adopted the McIlravys' proposed order before the time to respond to the proposed order expired.

5

[¶21] Under N.D.R.Ct. 7.1(b)(1), when the district court assigns a party to prepare proposed findings for the court, the proposed findings "must be served upon all other parties for review and comment." Rule 7.1(b)(1) further provides, "A party may file and serve a response in writing, within 14 days of service, or such other time as the court, in its discretion, may allow."

[¶22] The district court signed the McIlravys' proposed findings of fact, conclusions of law, and order the day it was filed. Under N.D.R.Ct. 7.1(b)(1), the court should have given Kratz 14 days to respond to the proposed order. However, in *Foster v. Foster*, 2004 ND 226, ¶ 14, 690 N.W.2d 197, this Court held a violation of Rule 7.1(b)(1) is harmless error. We concluded the objecting party has the opportunity to bring any concerns to the court's attention or file an appeal. *Id.* Kratz chose to appeal. Any violation of Rule 7.1(b)(1) in this case was harmless.

V

[¶23] Kratz argues the district court abused its discretion in awarding attorney's fees under N.D.C.C. § 28-26-01(2).

[¶24] Under N.D.C.C. § 28-26-01(2), a district court has discretion to determine whether a claim is frivolous and, if it is, the amount and reasonableness of an award of attorney's fees. *Bolinske v. Sandstrom*, 2022 ND 148, ¶ 30, 978 N.W.2d 72. However, if the court finds the claim is frivolous, it "must award costs and attorney's fees[.]" *Id.* A claim is frivolous "if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor[.]" N.D.C.C. § 28-26-01(2). We will not overturn a court's discretionary determinations under N.D.C.C. § 28-26-01(2) absent an abuse of discretion. *Sagebrush Res., LLC v. Peterson*, 2014 ND 3, ¶ 15, 841 N.W.2d 705. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Tillich v. Bruce*, 2017 ND 21, ¶ 7, 889 N.W.2d 899.

[¶25] The district court found Kratz's motion was frivolous. It noted Kratz has played games throughout the proceedings, that Kratz was attempting to relitigate matters previously decided, and that he filed the motion with the intent to further harass the McIlravys. Based on our review of the record, including the timing of the motion and its substance, we conclude the court did not abuse its discretion in awarding attorney's fees.

VI

[¶26] Having considered the parties' other arguments, we conclude they are unnecessary to the decision or are without merit. We affirm.

[¶27] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr