# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 30

Chris Oden,                                            Petitioner and Appellant

v.

Minot Builders Supply                                            Respondent

and

North Dakota Workforce Safety & Insurance,        Respondent and Appellee

### No. 20200187

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

David C. Thompson (argued) and DeWayne A. Johnston (on brief), Grand Forks, ND, for petitioner and appellant.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for respondent and appellee.

**Oden v. Minot Builders Supply**
**No. 20200187**

**Jensen, Chief Justice.**

[¶1]   Chris Oden appeals from a district court order vacating a transcribed Missouri foreign judgment dated May 15, 2020. Oden argues vacating the transcribed Missouri judgment violated the Full Faith and Credit Clause of the United States Constitution; the court erred in relying on a decision issued between the parties in prior litigation because that decision was barred by administrative res judicata as the result of Oden's Missouri workers compensation claim; and the court erred by affording a prior judgment res judicata effect while that case was pending on appeal. We affirm.

I

[¶2]   The underlying factual basis in this case has been previously identified in the prior case arising from Burleigh County. *Workforce Safety & Ins. v. Oden*, 2020 ND 243, ¶¶ 1-6, 951 N.W.2d. 187. In May 2010, Oden was injured in Missouri while employed by Minot Builders Supply. North Dakota Workforce Safety and Insurance ("WSI") accepted the claim and awarded benefits for Oden's injuries. In May 2013, Oden filed a claim for compensation in Missouri for the same work-related injury. In October 2013, WSI suspended payment of further benefits on Oden's claim after Oden filed a claim for workers compensation benefits in Missouri. In February 2016, Oden entered into a stipulated agreement in the Missouri workers compensation action purportedly involving the assent of WSI. WSI contends it was not part of the 2016 stipulated agreement in the Missouri workers compensation action.

[¶3]   Subsequent to Oden settling his Missouri workers compensation claim, WSI sent Oden notice that the prior North Dakota workers compensation award was being reversed because Oden's receipt of benefits in Missouri. WSI provided notice to Oden his workers compensation benefits were being denied, informed Oden he would need to reimburse WSI, and informed Oden he had thirty days to request reconsideration. Oden did not request reconsideration of WSI's decision.

[¶4]   In July 2018, WSI commenced an action in Burleigh County against Oden seeking reimbursement for previous payments made to Oden. The district court in the Burleigh County case granted summary judgment in favor of WSI and awarded WSI the full amount paid to Oden, plus accruing interest, costs, and disbursements. Oden argued in the Burleigh County case that WSI was bound by the Missouri workers compensation settlement because the settlement agreement included a signature of an attorney purportedly acting on behalf of WSI. The court in the Burleigh County case determined WSI could not be bound by the Missouri agreement because WSI was not a party to the settlement, concluding there was no evidence to support a finding that the attorney who purportedly signed on behalf of WSI had any authority to represent WSI or act as WSI's agent.

[¶5]   A judgment was entered on June 12, 2019, in the Burleigh County case. Oden appealed. This Court affirmed the district court's decision after determining the court did not err in granting summary judgment to WSI. *Oden*, 2020 ND 243, ¶ 51. We concluded "Oden failed to raise a genuine issue of material fact establishing that WSI was a party to the settlement agreement and that the attorney executing the settlement on behalf of the 'insurer' had authority, ostensible or otherwise, to bind WSI to the agreement." *Id.*

[¶6]   Subsequent to the district court's decision in the Burleigh County case determining WSI was not a party to the settlement agreement, Oden obtained a judgement against WSI in Missouri based upon the Missouri settlement agreement. WSI did not appear in the Missouri action.

[¶7]   On November 6, 2019, after securing the Missouri judgment and while the appeal in the Burleigh County case was pending, Oden submitted an application to file the Missouri foreign judgment in Grand Forks County. WSI filed an objection to the application. On February 14, 2020, WSI moved to vacate the foreign judgment under N.D.R.Civ.P. 60. The district court in the Grand Forks County proceedings entered an order vacating the transcribed foreign judgment under N.D.R.Civ.P. 60(b)(4).

[¶8] Oden appeals the order vacating the foreign judgment arguing the following: vacating the transcribed Missouri judgment violated the Full Faith and Credit Clause of the United States Constitution; the court erred in relying on the earlier decision issued between the parties in the prior Burleigh County litigation because that decision was barred by administrative res judicata as the result of Oden's Missouri Workers Compensation claim; and the court erred by giving the Burleigh County judgment res judicata effect while that case was pending on appeal.

II

[¶9] Rule 60(b)(4), N.D.R.Civ.P., states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: the judgment is void." The standard of review for a motion to vacate a judgment as void is plenary. *Roe v. Doe*, 2002 ND 136, ¶ 6, 649 N.W.2d 566.

[¶10] When analyzing a motion challenging a judgment as void under Rule 60(b)(4), "the court's sole task is to determine the validity of the judgment." *Roe*, 2002 ND 136, ¶ 6. This Court has "limited the scope of the term 'void' for the purpose of granting relief under N.D.R.Civ.P. 60(b)(4) to judgments entered when the district court lacked either subject-matter jurisdiction or personal jurisdiction over the parties." *Dockter v. Dockter*, 2018 ND 219, ¶ 13, 918 N.W.2d 35. Unlike other Rule 60(b) motions, "a district court has no discretion in deciding whether to grant the motion if the court lacked subject matter jurisdiction, but the party bringing the motion must show sufficient grounds for disturbing the finality of the earlier judgment." *State v. Peltier*, 2018 ND 170, ¶ 9, 915 N.W.2d 115.

III

[¶11] Oden argues the Missouri judgment was a foreign judgment entitled to full faith and credit in North Dakota. Oden argues the district court erred by vacating the Missouri judgment because the judgment was valid under Missouri law. Oden's argument regarding the application of full faith and

credit of foreign judgment ignores the prior Burleigh County determination that WSI was not a party to the stipulated agreement.

[¶12] The Full Faith and Credit Clause of the United States Constitution provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1.

[¶13] North Dakota has adopted the Uniform Enforcement of Foreign Judgments Act (UEFJA) (codified at N.D.C.C. § 28-20.1-01 to -08). Under the Act, a foreign judgment is "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." N.D.C.C. § 28-20.1-01. In *Brossart v. Janke*, 2020 ND 98, ¶ 28, 942 N.W.2d 856, this Court explained when a foreign judgment is entitled to full faith and credit under UEFJA:

> [C]onstitutional full faith and credit is afforded to foreign judgments even though a similar judgment could not be obtained in the forum state as a matter of law, or though the judgment could not be obtained in the forum state as a matter of strong public policy. However, we have recognized foreign judgments are not entitled to full faith and credit under certain circumstances such as when they are rendered in violation of due process in the rendering state, when the rendering court lacks jurisdiction, or when the judgment is procured through fraud in the rendering state[.]

(citations and quotation marks omitted).

[¶14] To issue a valid judgment or order, there must be subject matter jurisdiction to hear the action and personal jurisdiction over the parties. *City of Harwood v. City of Reiles Acres*, 2015 ND 33, ¶ 10, 859 N.W.2d 13. Subject matter jurisdiction is the court's power to hear and determine the subject

4

involved in the action, and personal jurisdiction is power over the parties. *Id*. In the administrative context, jurisdiction has three components:

> (1) personal jurisdiction, referring to the agency's authority over the parties and intervenors involved in the proceedings; (2) subject matter jurisdiction, referring to the agency's power to hear and determine the causes of a general class of cases to which a particular case belongs; and (3) the agency's scope of authority under statute.

*Env. Law & Policy Ctr. v. N.D. Pub. Serv. Comm'n*, 2020 ND 192, ¶ 11, 948 N.W.2d 838 (quoting 2 Am. Jur. 2d *Administrative Law* § 272 (February 2020 Update) (footnotes omitted)). A judgment is void if the tribunal lacks jurisdiction. *City of Harwood*, 2015 ND 33, ¶ 10, 859 N.W.2d 13; *see e.g. State ex rel. Olson v. Harrison*, 2001 ND 99, ¶ 16, 627 N.W.2d 153 (holding a tribal court order was not entitled to be recognized as a foreign judgment when the tribal court did not acquire jurisdiction of the State of North Dakota).

[¶15] WSI contends the Missouri judgment was not entitled to full faith and credit because the Burleigh County proceedings had already determined WSI was not a party to the stipulation. WSI argues because it was not a party to the Missouri stipulated agreement, any subsequent judgment based on the stipulation would have necessarily lacked the required jurisdiction over WSI.

[¶16] In the prior Burleigh County case, the district court concluded WSI was not a party to the Missouri administrative proceedings and was not a party to the settlement agreement. The court determined Oden had failed to meet his burden of proving the attorney who signed the Missouri stipulation agreement as "attorney for employer/insurer" had an agency relationship with WSI. This Court subsequently affirmed the court's determination. *Oden*, 2020 ND 243, ¶ 51. Here, Oden seeks to ignore the determination previously made in the Burleigh County proceedings. His argument would require this Court to assume Missouri had the requisite jurisdiction over WSI to enter a judgment based on the settlement agreement without explaining how that is possible when WSI was not a party to the settlement agreement. The missing link in Oden's argument is an explanation of how the Missouri court obtained jurisdiction over WSI to enter a judgment based on a stipulation to which WSI

5

was not a party. We conclude the Missouri judgment was not entitled to full faith and credit because a foreign judgment is not entitled full faith and credit when the rendering court lacked jurisdiction, and Oden has failed to explain how jurisdiction was acquired for the entry of a judgment based on a settlement agreement to which WSI was not a party.

## IV

[¶17] Oden argues the Missouri workers compensation claim was litigated as an administrative proceeding before WSI commenced the Burleigh County action against Oden. He argues he should prevail on the issue of whether WSI was a party to the settlement agreement through the application of administrative res judicata. This Court's review of a district court's application of res judicata has been summarized as follows:

> "Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies." *Kulczyk v. Tioga Ready Mix Co.,* 2017 ND 218, ¶ 10, 902 N.W.2d 485 (quoting *Missouri Breaks, LLC v. Burns*, 2010 ND 221, ¶ 10, 791 N.W.2d 33). Res judicata means a valid, final judgment is conclusive with regard to claims raised, or claims that could have been raised, as to the parties and their privies in future actions. *Kulczyk*, at ¶ 10. Whether res judicata applies is a question of law, fully reviewable on appeal. *Id.*
>
> Res judicata applies even though the subsequent claims may be based on a different legal theory. *Littlefield v. Union State Bank, Hazen, N.D.*, 500 N.W.2d 881, 884 (N.D. 1993). If the subsequent claims are based upon the identical factual situation as the claims in the earlier action, then they should have been raised in the earlier action. *Id.* It does not matter that the substantive issues were not directly decided in the earlier action, the key is that they were capable of being, and should have been, raised as part of the earlier action. *Id.* (citing *Hofsommer v. Hofsommer Excavating, Inc.,* 488 N.W.2d 380, 385 (N.D. 1992)).
>
> > [A] judgment on the merits in the first action between the same parties constitutes a bar to the subsequent action

6

> based upon the same claim or claims or cause of action, not only as to matters in issue but as to all matters essentially connected with the subject of the action which might have been litigated in the first action.

*Fettig v. Estate of Fettig*, 2019 ND 261, ¶ 18, 934 N.W.2d 547 (quoting *Perdue v. Knudson*, 179 N.W.2d 416, 422 (N.D. 1970)).

*Fredericks v. Vogel Law Firm*, 2020 ND 171, ¶¶ 10-11, 946 N.W.2d 507.

[¶18] Oden argues the Missouri administrative proceeding occurred prior to the decision in the Burleigh County case and the earlier decision should be afforded priority. Oden asserts the application of res judicata requires resolution in his favor on the issue of whether WSI was a party to the settlement agreement because Missouri workers compensation law did not require notice of the administrative proceeding be provided to WSI in order to make WSI a party to the settlement. At the foundation of Oden's argument is the assertion that Missouri law did not require WSI to be given notice of the Missouri workers compensation proceedings and, as a matter of law, WSI was a party to those proceedings. Therefore, Oden asserts the Burleigh County decision was incorrect. This is a new theory he did not assert in the Burleigh County proceedings.

[¶19] The issue of whether WSI was a party to the settlement agreement was litigated in the Burleigh County proceedings, resulted in a finding adverse to Oden, and was affirmed on appeal. The effect of the Burleigh County decision was that the Missouri administrative settlement did not bind WSI under an application of res judicata because WSI was not a party, a prerequisite to the application of res judicata. In the prior proceedings, Oden failed to argue the theory that Missouri workers compensation law did not require WSI be provided with notice in order for WSI to be a party. Oden's theory that WSI was a party to the settlement agreement under an application of Missouri's workers compensation law is based upon the identical factual situation as the claim in the earlier action, and the theory should have been raised in the earlier action. The court properly determined that Oden is barred from re-

7

litigating the issue of whether WSI was a party to the settlement agreement even if he is now asserting a different theory for that claim.

V

[¶20] Oden argues the district court erred in finding the prior Burleigh County judgment had res judicata effect while it was pending appeal before this Court. Oden asserts the court should have stayed its decision pending the appeal of the Burleigh County case because that case could have been reversed on appeal.

[¶21] If res judicata of another judgment is in question, a judgment is ordinarily considered final if it is not "tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement." *Westman v. Dessellier, et al.*, 459 N.W.2d 545, 547 (N.D. 1990) (quoting Restatement (Second) of Judgments § 13 comment b (1982)) *see also id.* (pendency of an appeal did not preclude court from giving res judicata effect because "decision was 'a firm and stable' one, the 'last word' of the rendering court, a final judgment"). If a final judgment is on appeal, the judgment remains final unless the appeal is actually a trial de novo. *Id.* "Finality is not affected by either an appeal which operates as a stay of execution or enforcement of the judgment appealed from or by the granting of an actual stay pending the appeal from that judgment." *Id.*

[¶22] The Burleigh County decision was final and remained final regardless of the pending appeal. We conclude the district court properly gave the Burleigh County case res judicata effect while it was pending appeal.

VI

[¶23] Vacating the transcribed Missouri judgment did not violate the Full Faith and Credit Clause of the United States Constitution. The district court did not err in relying on a decision issued between the parties in prior litigation because that decision was not barred by administrative res judicata as the result of Oden's Missouri Workers Compensation claim. The court did not err

8

by giving the prior judgment res judicata effect while that case was pending on appeal. The court properly vacated the foreign judgment as void. We affirm.

[¶24] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte