**Corrected Opinion Filed 07/13/2022 by Clerk of Supreme Court**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 137

Brock James Baker,                                                Plaintiff and Appellee

      v.

LuAnn Erickson aka Thiel,                                  Defendant and Appellant

## No. 20210288

Appeal from the District Court of Rolette County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by Tufte, Justice.

Sharon T. Thompson, Fargo, N.D., for plaintiff and appellee.

L. Patrick O'Day (argued), Fargo, N.D., and Erin M. Conroy (appeared), Bottineau, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   LuAnn Erickson appeals from a district court order granting her motion to vacate its previous order recognizing a tribal court restraining order under N.D.R.Ct. 7.2, but concluding that the tribal court restraining order is entitled to full faith and credit under 18 U.S.C. § 2265. Erickson argues on appeal that the court erred in granting full faith and credit to the tribal court order, because the tribal court lacked personal and subject matter jurisdiction and the tribal court failed to provide her reasonable notice and opportunity to be heard. We affirm in part and reverse in part.

I

[¶2]   Brock Baker, an enrolled member of the Turtle Mountain Band of Chippewa Indians (the "Tribe"), and LuAnn Erickson, a non-member of the Tribe, were divorced in 2016 and a judgment was entered in Cass County district court. Erickson was granted primary custody of the couple's three minor children, who are also members of the Tribe. In 2020, Baker moved to modify primary residential responsibility in Burleigh County district court. A second amended judgment was entered, retaining primary residential responsibility with Erickson.

[¶3]   Erickson and the children resided in Bismarck. However, after Erickson had an alcoholic relapse and became intoxicated while the children were in her care, Baker retrieved the children from their residence on April 10, 2021. Baker took the children to Belcourt, where they began residing with their father. He filed a petition for protection relief in Turtle Mountain Tribal Court on April 12. Baker provided the tribal court with Erickson's Bismarck home address in the petition. On April 15, Erickson sent an email to Baker informing him that she was entering into an alcohol treatment program in Minnesota for five weeks, beginning April 19. Erickson also asked Baker to temporarily parent the children while she was in treatment. On April 20, the tribal court entered a temporary ex parte protection order against Erickson. A hearing on

the order was scheduled for May 6, and an affidavit of mailing reflects that the tribal court mailed a copy of the order for telephonic hearing, notice of entry of order, and the temporary ex parte protection order to Erickson's Bismarck address.

[¶4]   On May 3, Baker's attorney filed a notice of appearance with the tribal court. Service was attempted via certified mail to Erickson's Bismarck address and also was sent to her email address. Baker's attorney then emailed exhibits to Erickson and the court on May 5, to which Erickson responded, "adding Pat O'Day, my lawyer." Erickson was not present at the hearing on the temporary protection order held the following day. The tribal court entered a permanent restraining order, prohibiting any contact between Erickson and her children for one year, and granted custody to Baker for the duration of the order. The clerk mailed a copy of the permanent protection order to Erickson's Bismarck address. On May 21, Erickson was discharged from the alcohol treatment program. She returned to her Bismarck residence a day later.

[¶5]   On May 18, Baker filed the permanent restraining order in Rolette County district court as a foreign judgment. The court entered an order granting the registration of the foreign judgment pursuant to N.D.R.Ct. 7.2. Erickson timely filed a motion to vacate the order granting recognition of the foreign judgment under Rule 60(b), arguing that the tribal court did not have jurisdiction over her or her children and that she was never properly served with the temporary or permanent restraining orders and its proceedings. Following a hearing, the court vacated its prior Rule 7.2 order recognizing the tribal court order, finding it "was improvidently granted, and was not necessary to entitle such Order to recognition by courts of this State." In finding that the tribal court protection order was entitled to full faith and credit under 18 U.S.C. § 2265, "separate and apart from Rule 7.2," the court made findings that the tribal court had jurisdiction over the matter and the parties and Erickson was afforded reasonable notice and opportunity to be heard. Although the court granted Erickson's motion, she appeals the decision "to prohibit the application of those inappropriate findings to subsequent district court cases under the doctrine of collateral estoppel."

[¶6]   Erickson filed a motion to vacate under Rule 60(b), arguing the district court's order affording the tribal court's protection order full faith and credit is void because the tribal court lacked personal and subject matter jurisdiction over the parties. Rule 60(b)(4), N.D.R.Civ.P., states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: the judgment is void." When analyzing a motion challenging a judgment as void under Rule 60(b)(4), "the court's sole task is to determine the validity of the judgment." *Oden v. Minot Builders Supply*, 2021 ND 30, ¶ 10, 955 N.W.2d 102. "If the judgment is valid, the Rule 60(b)(4) motion must be denied, and if the judgment is void, the motion must be granted as a matter of law." *Monster Heavy Haulers, LLC v. Goliath Energy Servs. LLC*, 2016 ND 176, ¶ 11, 883 N.W.2d 917. A judgment entered without jurisdiction is void. *McKenzie Cty. Soc. Serv. Bd. v. C.G.*, 2001 ND 151, ¶ 10, 633 N.W.2d 157. "The standard of review for a motion to vacate a judgment as void is plenary." *Oden*, 2021 ND 30, ¶ 9.

[¶7]   The Full Faith and Credit Clause of the United States Constitution provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1.

[¶8]   In addition, 18 U.S.C. § 2265 requires North Dakota State courts to give full faith and credit to a protection order issued by a foreign state or tribal court. It provides:

> (a) Full Faith and Credit.—Any protection order issued that is consistent with subsection (b) of this section by the court of one State, Indian tribe, or territory (the issuing State, Indian tribe, or territory) shall be accorded full faith and credit by the court of another State, Indian tribe, or territory (the enforcing State,

Indian tribe, or territory) and enforced by the court and law enforcement personnel of the other State, Indian tribal government or Territory as if it were the order of the enforcing State or tribe.

(b) Protection order.—A protection order issued by a State, tribal, or territorial court is consistent with this subsection if—

(1) such court has jurisdiction over the parties and matter under the law of such State, Indian tribe, or territory; and

(2) reasonable notice and opportunity to be heard is given to the person against whom the order is sought sufficient to protect that person's right to due process. In the case of ex parte orders, notice and opportunity to be heard must be provided within the time required by State, tribal, or territorial law, and in any event within a reasonable time after the order is issued, sufficient to protect the respondent's due process rights.

[¶9] In order for the Rolette County district court to recognize and enforce the tribal court protection order, the tribal court must have had both subject matter and personal jurisdiction over the matter and the parties. *See* 18 U.S.C. § 2265(b)(1). The district court found both to be satisfied, but did not make specific findings regarding each aspect of jurisdiction. Because the question of personal jurisdiction is dispositive here, we consider that question first.

[¶10] We begin by recognizing that "a party must plead or present the foreign law by providing the authority to be relied upon, or a party must request the court take judicial notice of the foreign law." *Joyce v. Joyce*, 2020 ND 75, ¶ 23, 941 N.W.2d 546. Without pleading or presenting the foreign law or requesting the court take judicial notice of the foreign law, we presume the foreign law is the same as the law of North Dakota. *Id.* at ¶ 22. Further, "once a party has pleaded or presented the foreign law or asked the court to take judicial notice of the foreign law, it is the court's duty to inform itself of the foreign law." *Id.* at ¶ 24. Here, the parties presented the foreign law by providing portions of the Turtle Mountain Tribal Code in their briefs to this Court. The parties also do not dispute what the applicable tribal law is to determine whether the tribal court had personal jurisdiction.

[¶11] Erickson argues the district court erred in finding personal jurisdiction to be satisfied, because she was not properly served with the tribal court proceedings. "Valid service of process is necessary to assert personal jurisdiction over a defendant." *Workforce Safety & Ins. v. Oden*, 2020 ND 243, ¶ 8, 951 N.W.2d 187. "A party must strictly comply with the specific requirements for service of process." *Sanderson v. Walsh Cty.*, 2006 ND 83, ¶ 13, 712 N.W.2d 842. "Absent valid service of process, even actual knowledge of the existence of a lawsuit is insufficient to effectuate personal jurisdiction over a defendant." *Id.* "Without valid service of process, any judgment is void because the court lacks personal jurisdiction." *Id.*

[¶12] "When determining the validity and effect of a foreign judgment based on a lack of personal jurisdiction, courts look to the law of the state that rendered the judgment." *Ware v. Ware*, 404 S.C. 1, 12, 743 S.E.2d 817 (S.C. 2013). Here, the parties do not dispute the applicable law is section 37.0504 of the Turtle Mountain Code, which governs the procedures for issuance of temporary and permanent protection orders. It provides:

> 2. Within fourteen (14) days of the issuance of a Temporary Ex Parte Protection Order, excluding holidays and weekends, a hearing shall be held to determine whether the Order should [be] extended for an additional period of time, made permanent or modified in any respect.
> 3. Service must be made upon the Respondent at least five days prior to the hearing. If service cannot be made, the Court may set a new date.
> 4. Service shall be pursuant to the procedure set forth in the Turtle Mountain Tribal Code.

Further, Tribal Code section 2.0405(1) sets forth the procedures to achieve service:

> A copy of the summons, together with a copy of the complaint as required under Section 2.0402 may be served by certified mail, return receipt requested, or may be served personally upon an individual defendant. Service may be made by leaving a copy of the summons and complaint at the defendant's usual abode with a

resident of the household above the age of fourteen (14) years, if the defendant cannot be conveniently found.

[¶13] The record does not reflect that Erickson was properly served with the tribal court proceedings under the Tribal Code. Regarding the temporary ex parte order proceedings, the affidavit of mailing reflects that the tribal court mailed a copy of the order for telephonic hearing, notice of entry of order, and the temporary ex parte protection order to Erickson's Bismarck address via regular mail. Additionally, regarding the permanent protection order, an affidavit of mailing reflects that this was sent to Erickson's Bismarck address, also using only regular mail. The clerk of the tribal court confirmed in an email that the court relied on lack of returned mail as evidence of service. Mailing the documents, without using certified mail or return receipt requested, was insufficient under § 2.0405(1). *See also State ex rel. Olson v. Harrison*, 2001 ND 99, ¶ 13, 627 N.W.2d 153 (refusing to afford full faith and credit to a tribal court judgment because the tribal court failed to properly serve the State of the tribal court proceedings and therefore the tribal court failed to acquire personal jurisdiction over the State). Although the tribal court was not provided with a current address of the treatment program at which Erickson was residing during the time of the proceedings, the tribal court could not lawfully proceed with the proceedings unless Erickson was served "at least five days prior to the hearing." § 37.0504(3). Without proper service on Erickson, a hearing should not have been held, and a permanent protection order should not have issued.

[¶14] Further, because the record demonstrates that Erickson was notified of the protection order proceedings after a permanent protection order was already entered, it follows that she was not afforded reasonable notice and opportunity to be heard to satisfy 18 U.S.C. § 2265(b)(2). Although Erickson responded to Baker's attorney's email attaching exhibits, this email was sent to Erickson the day before the hearing. Further, the email did not contain any information that would have informed Erickson a hearing would be conducted the following day. We conclude this is insufficient to satisfy due process requirements. *See Starr v. George*, 175 P.3d 50, 58–59 (Alaska 2008) (holding that because the tribal court failed to provide the grandparents formal notice or an opportunity to be heard in the tribal adoption proceedings, the tribal

court's judgment could not be afforded full faith and credit in state court). Thus, because the tribal court lacked personal jurisdiction and Erickson was not afforded reasonable notice and opportunity to be heard, 18 U.S.C. § 2265 was not satisfied. Therefore, the district court erred in according full faith and credit to the tribal court restraining order.

## III

[¶15] The district court order granting Erickson's motion to vacate its previous order recognizing a tribal court restraining order is affirmed; however, insofar as the order grants full faith and credit to the tribal court restraining order, we reverse.

[¶16]  Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

7