McEvers, Justice.
 

 [¶ 1] Happy House Movers, L.L.P., appeals from a district court order denying their motion to vacate the default judgment and granting Bickler's motion to strike the supporting affidavits. We affirm the district court's order.
 

 I
 

 [¶ 2] In April 2016, Steven and Linda Bickler commenced an action against Happy House Movers. The Bicklers had contracted with Happy House Movers to raise their house eight feet to protect the house against rising waters at Rice Lake. While Happy House Movers had the house resting on supports above its original position, the house fell, causing significant structural damage.
 

 [¶ 3] In August 2016, the Bicklers moved for a default judgment. In September 2016, Michael Knoke, an employee of Happy House Movers, moved for an extension of time to file an answer. Knoke argued Happy House Movers made an appearance, indicating it could not find an attorney and requested a hearing. The motion also notified the Bicklers that Happy House Movers was contesting the motion for default judgment. Knoke filed an answer to the complaint he prepared himself. The district court ordered Knoke's answer be stricken from the record
 
 sua sponte
 
 , because Happy House Movers is a separate entity requiring it to be represented in court by a person licensed in law, citing N.D.C.C. § 27-11-01, and Knoke was not licensed to practice law. The court extended Happy House Movers' deadline to properly file an answer to October 13, 2016, and indicated it would review the motion for default judgment shortly thereafter.
 

 *693
 
 On December 15, 2016, the court entered an order for default judgment, concluding Happy House Movers failed to properly respond to the summons and complaint. Based on its review of the record and pleadings, the court awarded the Bicklers $251,711.68, and entered a judgment indicating the same on December 20, 2016.
 

 [¶ 4] The Bicklers served notice of entry of judgment on Happy House Movers in April 2017. On November 14, 2017, Happy House Movers filed a motion to vacate judgment and allow imposition of the answer, an answer to Bicklers' complaint, a brief in support of the motion to vacate, and two affidavits in support of the motion to vacate the judgment. The Bicklers responded on December 1, 2017, requesting the district court deny Happy House Movers' motion and award attorney's fees and costs for defending against the "frivolous motion." The Bicklers also moved the court to strike the affidavits in support of the motion to vacate the judgment arguing non-compliance with form of pleadings, improper identification of affiant, non-conforming acknowledgment, erroneous and prohibited content, and false content. On December 20, 2017, the court granted Bicklers' motion to strike the affidavits.
 

 [¶ 5] On December 28, 2017, Happy House Movers indicated by letter they did not receive service of Bicklers' response to the motion and motion to strike. The parties stipulated to vacating the order granting the motion to strike, allowing Happy House Movers to reply to Bicklers' response to the motion to vacate and answer Bicklers' motion to strike the affidavits, and affording the Bicklers time to reply. The court vacated the order granting the motion to strike based on the stipulation.
 

 [¶ 6] Happy House Movers responded to the motion to strike the affidavits by filing two supplemental affidavits "to avoid any disagreement as to technical matters." No legal argument was made that the first two affidavits should not be stricken. The Bicklers filed their reply to Happy House Movers' response to the motion to strike. Happy House Movers filed a response to Bicklers' reply. The district court granted Bicklers' motion to strike the affidavits and denied Happy House Movers' motion to vacate. The court concluded the first two affidavits filed were deficient and did not consider those affidavits in ruling on the motion to vacate. The court further concluded Happy House Movers' motion did not fit within the grounds set out in N.D.R.Civ.P. 60(b).
 

 [¶ 7] Happy House Movers moved for a stay of execution pending appeal, and filed a notice of appeal. The district court denied the motion to stay.
 

 II
 

 [¶ 8] Happy House Movers appeals from the district court's order dated February 26, 2018, granting Bicklers' motion to strike and denying the motion to vacate. It did not appeal from the December 20, 2016, judgment by default. "An appeal from a [district] court's refusal to vacate an order under Rule 60(b), N.D.R.Civ.P., does not permit the appellant to attack the underlying order from which an appeal could have been, but was not, brought."
 
 Kautzman v. Doll
 
 ,
 
 2018 ND 23
 
 , ¶ 5,
 
 905 N.W.2d 744
 
 (quoting
 
 Anderson v. Baker
 
 ,
 
 2015 ND 269
 
 , ¶ 8,
 
 871 N.W.2d 830
 
 ). This Court will only consider whether the court abused its discretion in granting Bicklers' motion to strike and denying Happy House Movers' motion to vacate.
 

 A
 

 [¶ 9] The Bicklers filed a motion to strike two affidavits filed with Happy House Movers' motion to vacate the default judgment, claiming the affidavits were improper in form and substance. The
 
 *694
 
 district court granted the Bicklers' motion to strike both affidavits.
 

 [¶ 10] On appeal, Happy House Movers argue the district court erred in striking one of the affidavits, on the basis that the affidavit contained an attorney's signature, and was therefore proper under N.D.R.Civ.P. 11(a) and (b).
 

 [¶ 11] Happy House Movers did not argue N.D.R.Civ.P. 11 to the district court; rather, additional affidavits were filed after the parties' stipulated to vacate the first order granting the motion to strike the affidavits. Happy House Movers new affidavit stated "the first two affidavits having been redone as affidavit 3 and 4 so that it meets the objections that Steven and Linda Bickler had as to form." The filed affidavits marked as three and four were not challenged by the Bicklers and were not stricken by the court. This Court does not consider questions that were not presented to the district court and are raised for the first time on appeal.
 
 Hoff v. Gututala-Hoff
 
 ,
 
 2018 ND 115
 
 , ¶ 7,
 
 910 N.W.2d 896
 
 . Therefore, this issue is waived.
 

 B
 

 [¶ 12] Happy House Movers argue the district court erred in denying the N.D.R.Civ.P. 60(b) motion to vacate the default judgment.
 

 On appeal, to establish a basis for relief under N.D.R.Civ.P. 60(b) from a district court's denial of a motion for relief from a default judgment, a party must show the district court abused its discretion.... An abuse of discretion by the [district] court is never assumed and must be affirmatively established, and this Court will not overturn a court's decision merely because it is not the one it would have made had it been deciding the motion.
 

 This Court has previously stated there should generally be greater liberty in granting motions under N.D.R.Civ.P. 60(b) when the matter involves a default judgment rather than a judgment following a full trial on the merits. However, a Rule 60(b) motion is not a substitute for appeal and should not be used to relieve a party from free, calculated and deliberate choices he or she has made. The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances.... "A defendant's own errors will not always constitute proper grounds for relief from a default judgment." Rather, the applicable standard under N.D.R.Civ.P. 60(b)(1) [updated] to relieve a party from a judgment is whether there was "mistake, inadvertence, surprise, or excusable neglect."
 

 Key Energy Servs., LLC v. Ewing Constr. Co., Inc.
 
 ,
 
 2018 ND 121
 
 , ¶ 13,
 
 911 N.W.2d 319
 
 (citations omitted).
 

 [¶ 13] On appeal, Happy House Movers argue the motion to vacate should have been granted and cites to N.D.R.Civ.P. 60(b)(1) and (6) as grounds for relief.
 

 On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
 

 (1) mistake, inadvertence, surprise, or excusable neglect;
 

 ....
 

 (6) any other reason that justifies relief.
 

 i
 

 [¶ 14] The only discernable argument Happy House Movers makes in regard to N.D.R.Civ.P. 60(b)(1) is that its insurance company, Travelers Insurance and McQuire Agency, had a duty to defend
 
 *695
 
 them against Bicklers' claim and paid the Bicklers $50,000, without its approval. Happy House Movers argue the confusion caused by the insurance company created excusable neglect. However, Happy House Movers failed to include Travelers Insurance as a party to this action after being notified in June 2015 that the insurance company only planned to pay the policy limits in this matter. "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." N.D.R.Civ.P. 14(a)(1). This Court has held, "A pro se litigant is not granted leniency solely because of his status as such. A person acting as his own attorney is equally bound by applicable rules of procedure, even if he lacks understanding of those rules or the correct procedures."
 
 State v. Gray
 
 ,
 
 2017 ND 108
 
 , ¶ 12,
 
 893 N.W.2d 484
 
 (quoting
 
 Jury v. Barnes Cty. Mun. Airport Auth.
 
 ,
 
 2016 ND 106
 
 , ¶ 14,
 
 881 N.W.2d 10
 
 ).
 

 [¶ 15] The district court stated:
 

 Happy House Movers' position on the motion, when reduced to relevant argument on the issue of why Happy House Movers did not file an Answer to the Complaint after its original Answer was stricken, appears to be twofold: (1) that its principals could not find an attorney they could afford to take their case; and (2) that its principals believed Happy House Movers' insurance company had a duty to defend them and, instead, the insurance company settled with the Bicklers without Happy House Movers' consent.
 

 ....
 

 Even recognizing the Supreme Court's favor for hearing controversies on the merits, the [c]ourt agrees that the grounds set forth by Happy House Movers do not fit within the grounds set out in Rule 60(b). The responsibility for defending a lawsuit lies with the defendant named in the lawsuit. That Happy House Movers did not hire an attorney or follow through with the insurance carrier to get assurances that the insurance carrier would defend them in the lawsuit was their responsibility. If Happy House Movers believes the insurance carrier breached their insurance contract, that is a matter outside the confines of this lawsuit.
 

 [¶ 16] This Court has held neglect or errors of an insurance company with a duty to defend may merit vacation of a default judgment under Rule 60(b).
 
 King v. Montz
 
 ,
 
 219 N.W.2d 836
 
 , 840-41 (N.D. 1974). This case is distinguishable from
 
 King.
 
 In
 
 King
 
 , the defendants argued surprise under N.D.R.Civ.P. 60(b) that no defense had been made on their behalf by their insurance company.
 

 Id.
 

 at 840
 
 . Affidavits from the defendant and the local insurance agent showed that the defendant delivered the summons and complaint to their local insurance agent on the same day they received the documents and were told the matter would be taken care of.
 

 Id.
 

 This Court concluded the defendants should not suffer because of the neglect or errors of their insurance company.
 

 Id.
 

 [¶ 17] Here, Happy House Movers did not provide evidence showing the insurance company had a duty to defend them. Alan Suchan, Arlinda Suchan, and Michael Knoke stated by affidavit they had notified the insurance agency and understood the insurance company would handle the defense. Unlike the facts in
 
 King
 
 , no affidavit was provided from the insurance company acknowledging a duty to defend. Happy House Movers knew more than a year before entry of the default judgment that the insurance company only intended to pay the limits of the policy. The district court did not abuse its discretion in concluding
 
 *696
 
 Happy House Movers failed to show excusable neglect.
 

 ii
 

 [¶ 18] In regard to N.D.R.Civ.P. 60(b)(6), Happy House Movers argue (1) an alternative source of damages should have been attributed to a prior mover involved before Happy House Movers started the project, and (2) the amount awarded is too high compared to the valuation of the property.
 

 Regarding a request for relief under N.D.R.Civ.P. 60(b)(6), this Court has stated:
 

 " Rule 60(b)(6), N.D.R.Civ.P., is a 'catch-all' provision that allows a district court to grant relief from a judgment for 'any other reason that justifies relief.' " Rule 60(b)(6), N.D.R.Civ.P., "should be invoked only when extraordinary circumstances are present." This Court previously described the limitations of N.D.R.Civ.P. 60(b)(6) :
 

 [T]he use of the rule is limited by many considerations. It is not to be used as a substitute for appeal. It is not to be used to relieve a party from free, calculated, and deliberate choices he has made. It is not to be used in cases where subdivisions (1) to (5) of Rule 60(b) might be employed-it and they are mutually exclusive. Yet 60(b)(6) can be used where the grounds for vacating a judgment or order are within any subdivisions (1) to (5), but something more or extraordinary which justifies relief from the operation of the judgment must be present.
 

 Hildebrand v. Stolz
 
 ,
 
 2016 ND 225
 
 , ¶ 16,
 
 888 N.W.2d 197
 
 (citations omitted). "The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances."
 
 Anderson
 
 ,
 
 2015 ND 269
 
 , ¶ 10,
 
 871 N.W.2d 830
 
 (quoting
 
 Shull v. Walcker
 
 ,
 
 2009 ND 142
 
 , ¶ 14,
 
 770 N.W.2d 274
 
 ).
 

 Kautzman
 
 ,
 
 2018 ND 23
 
 , ¶ 14,
 
 905 N.W.2d 744
 
 . Here, Happy House Movers failed to provide any authority indicating they are entitled to relief because there was an alternative source of damages involved. The burden is on Happy House Movers to establish grounds for relief from the default judgment.
 

 [¶ 19] Regarding the argument that the amount of the award is grounds to vacate the judgment, this Court has previously said "[a]lthough 'under some circumstances the amount of money at stake might be a legitimate factor for a court to consider on a motion to vacate a default judgment, ... this factor is not enough ... in the absence of a good excuse for the default.' "
 
 Key Energy Servs.
 
 ,
 
 2018 ND 121
 
 , ¶ 14,
 
 911 N.W.2d 319
 
 (quoting
 
 C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.
 
 ,
 
 726 F.2d 1202
 
 , 1208 (7th Cir. 1984) ). Happy House Movers failed to show any extraordinary circumstances which would justify relief under N.D.R.Civ.P. 60(b)(6). Therefore, the district court did not abuse its discretion in denying Happy House Movers' motion to vacate the default judgment.
 

 III
 

 [¶ 20] We affirm the district court order denying the motion to vacate and granting the motion to strike.
 

 [¶ 21] Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.