# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 35

| | |
|---|---|
| AE2S Construction, LLC, | Plaintiff and Appellee |
| v. | |
| Hellervik Oilfield Technologies LLC d/b/a Hellervik RDO, | Defendant and Appellant |
| and | |
| Whiting Oil and Gas, Corporation, | Defendant |

## No. 20200180

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Nicholas C. Grant, Dickinson, ND, for plaintiff and appellee.

Kasey D. McNary, Fargo, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Hellervik Oilfield Technologies LLC ("Hellervik") appealed from an order denying its motion to vacate the default judgment. Hellervik argues the district court erred by concluding it did not make an appearance for purposes of N.D.R.Civ.P. 55(a), and abused its discretion by denying it relief under N.D.R.Civ.P. 60(b)(1) and 60(b)(6). We affirm.

I

[¶2]   AE2S Construction, LLC ("AE2S") sued Hellervik and Whiting Oil and Gas, Corporation, for nonpayment of its labor, materials, and services in the construction of a mobile gas capture plant in western North Dakota. Hellervik's registered agent, Gary Minard, received the summons and complaint on September 9, 2019. Hellervik concedes it was properly served. Hellervik did not answer or otherwise respond to the complaint within twenty-one days, as required by N.D.R.Civ.P. 12(a)(1)(A). AE2S applied for default judgment against Hellervik, without serving notice of the application on Hellervik. The district court granted the application, and judgment was entered in favor of AE2S against Hellervik.

[¶3]   In November 2019, Hellervik moved to vacate the judgment, arguing, in part, AE2S was required to serve notice of the application for default judgment on it because it made an appearance through counsel. Prior to suit, in June and July 2019, AE2S's attorney corresponded with Hellervik's attorney via email.  Hellervik argued this correspondence constituted an appearance. After a hearing, the district court denied Hellervik's motion to vacate the default judgment.

II

[¶4]   Hellervik argues the district court erred by concluding it did not make an appearance for purposes of N.D.R.Civ.P. 55(a).

1

[¶5] Rule 55(a)(3), N.D.R.Civ.P., provides: "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with a motion for judgment. Notice must be served with the motion and must comply with N.D.R.Ct. 3.2(a)." An appearance is defined as "any response sufficient to give the plaintiff or his or her attorney notice of an intent to contest the claim." *State v. $33,000.00 U.S. Currency*, 2008 ND 96, ¶ 9, 748 N.W.2d 420. Whether an appearance has been made for purposes of N.D.R.Civ.P. 55 is a question of law. *Hatch v. Hatch*, 484 N.W.2d 283, 286 (N.D. 1992). "A party must factually demonstrate an appearance in order to obtain relief from judgment." *US Bank Nat'l Ass'n v. Arnold*, 2001 ND 130, ¶ 12, 631 N.W.2d 150. When the underlying facts used to support the conclusion of an appearance are undisputed, we address only the legal question of whether, as a matter of law, a party has appeared. *Id.*

[¶6] Hellervik contends it appeared through its pre-suit attorney Michael Raum in either June or July of 2019, when Raum corresponded with AE2S's attorney Randall Sickler. For support, Hellervik relies on an email chain between Raum and Sickler. That email chain shows that in June 2019, Sickler, following up on a prior conversation, emailed Raum two lien statements, which Hellervik alleges included a copy of AE2S's well construction lien that it recorded against the well site. On July 11, 2019, Sickler emailed Raum requesting "an update on this matter," as he was receiving "pressure to commence a foreclosure action." Raum replied the next day, July 12, 2019, stating: "We will not be handling this. We had a conflict we missed initially and I have referred the client out. If you do not hear from someone next week let me know and I can help coordinate with Hellervik to make sure there are open lines of communication."

[¶7] The correspondence between Raum and Sickler occurred approximately two months before commencement of the lawsuit. Hellervik has not cited any North Dakota case law where the alleged appearance occurred prior to the commencement of the lawsuit. *See $33,000.00 U.S. Currency*, 2008 ND 96, ¶ 10 ("Case law in North Dakota defines appearance broadly, but even so, the appearance must take place in the context of the proceeding at issue[.]").

2

[¶8]   Hellervik cites a case from the Court of Appeals of Washington for the proposition that an informal appearance may occur prior to suit and still require notice of a request for default judgment. *See Ellison v. Process Sys. Inc. Const. Co.*, 50 P.3d 658 (Wash. Ct. App. 2002). The court noted, "the issue should not turn on when the acts occurred, but on whether the acts sufficiently communicated [the defendant's] intention to defend the lawsuit." *Id.* at 661. The Court of Appeals of Washington affirmed the lower court's vacation of the default judgment, and held it did not abuse its discretion in concluding the defendant's two pre-suit letters sufficiently communicated its intent to defend the plaintiff's claim, constituting an informal appearance. *Id.* at 661-62.

[¶9]   We need not decide whether pre-suit communications may qualify as an appearance, because the emails here were not sufficient to give Sickler or AE2S notice of Hellervik's intent to contest AE2S's claims. *See $33,000.00 U.S. Currency*, 2008 ND 96, ¶ 9. Raum's July 12, 2019 email informed Sickler that his law firm had a conflict of interest and he had referred Hellervik to another attorney or firm. Raum also offered to keep an open line of communication between Hellervik and AE2S. The email does not inform AE2S that Hellervik intended to contest the claims, or potential claims, against it. Thus, the district court did not err in concluding Hellervik did not appear for purposes of N.D.R.Civ.P. 55(a).

III

[¶10] Hellervik argues the district court erred by denying its N.D.R.Civ.P. 60(b) motion to vacate the default judgment. "On appeal, to establish a basis for relief under N.D.R.Civ.P. 60(b) from a district court's denial of a motion for relief from a default judgment, a party must show the district court abused its discretion." *Bickler v. Happy House Movers, L.L.P.*, 2018 ND 177, ¶ 12, 915 N.W.2d 690. The district court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner. *Beaudoin v. South Texas Blood & Tissue Ctr.*, 2005 ND 120, ¶ 33, 699 N.W.2d 421. A court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and

reasonable determination. *Id.* An abuse of discretion is never assumed and must be affirmatively established, and this Court will not overturn a court's decision merely because it is not the one it would have made had it been deciding the motion. *Bickler*, at ¶ 12.

A

[¶11] Hellervik contends the district court abused its discretion in denying its motion to vacate under N.D.R.Civ.P. 60(b)(1). Rule 60(b)(1), N.D.R.Civ.P., allows the court to relieve a party from a judgment for mistake, inadvertence, surprise, or excusable neglect. Hellervik argues the mistake, inadvertence, or excusable neglect was its erroneous belief that Raum would respond to the complaint.

[¶12] In *$33,000.00 U.S. Currency*, the State brought a civil forfeiture action arising out of law enforcement's seizure of cash in a criminal matter. 2008 ND 96, ¶ 2. The summons and complaint were properly served upon the owner of the currency. *Id.* The State did not serve the summons and complaint upon the attorney the State knew to be representing the owner in the criminal matter. *Id.* The owner did not respond to the complaint, and the State applied for default judgment. *Id.* Neither the owner nor his criminal defense attorney were served with the State's affidavit alleging default. *Id.* The district court granted the application, and default judgment was entered. *Id.* The owner moved to vacate the default judgment, and the court denied the motion. *Id.* at ¶¶ 3-4. On appeal, the owner argued "because he is only semi-literate and he had retained and was relying upon his counsel for the underlying criminal matter, his failure to read and respond to the complaint constitutes excusable neglect, inadvertence, or mistake." *Id.* at ¶ 13. The owner "assumed if any papers were served involving [him] then his attorney would receive them and take care of all matters." *Id.* This Court affirmed the district court, concluding, "The fact that [the owner] ignored the summons and complaint, properly served upon him, does not constitute excusable neglect, inadvertence, mistake, or surprise under Rule 60(b)(i), N.D.R.Civ.P." *Id.* at ¶ 14. "A simple disregard of legal process is, of course, not excusable neglect under the rule." *Id.*

[¶13] In July 2019, Raum emailed Sickler that his law firm, Fredrikson & Byron, had a conflict of interest and he "referred the client [Hellervik] out." Hellervik's registered agent, Gary Minard, acknowledged in an affidavit that "[a]t some point [he] was informed Fredrikson & Byron had a conflict of interest for representation of Hellervik against AE2S." In September 2019, Hellervik was served the summons and complaint, but it did not answer or otherwise respond to the complaint. Hellervik argues it mistakenly believed Raum would respond to the complaint on its behalf. Specifically, Minard testified that he "believed such matters would be handled by counsel." The relevant facts in this case are substantially similar to *$33,000.00 U.S. Currency*, and the issue is the same. Thus, we conclude Hellervik's disregard of service of process does not constitute mistake, inadvertence, or excusable neglect under N.D.R.Civ.P. 60(b)(1).

[¶14] Hellervik asserts *$33,000.00 U.S. Currency* is different because in that case counsel was retained solely for representation in the criminal matter, not the civil forfeiture, and there was no indication of a long-standing attorney-client relationship, which Hellervik alleges existed here. These distinctions are immaterial to our analysis. In *$33,000.00 U.S. Currency*, the Court's discussion focused on the owner's inaction, namely the owner disregarding service of process, but also his failure to review the summons and complaint, immediately seek the advice of counsel, and timely submit the documents to his attorney for review. 2008 ND 96, ¶ 14. The case the Court relied upon for support in *$33,000.00 U.S. Currency* similarly analyzed the defaulting party's failure to act. *See id.* (citing *Royal Indus., Inc. v. Haugen*, 409 N.W.2d 636, 638 (N.D. 1987)) (stating the defaulting party "completely disregarded service of process, without seeking legal advice, based upon a mere assumption that the matter would be handled in bankruptcy court and that the court would not allow entry of judgment against him personally"). Further, Hellervik does not provide any support for the proposition that disregarding service of process may constitute mistake, inadvertence, or excusable neglect under Rule 60(b)(1), if it assumes its long-standing attorney will answer on its behalf.

[¶15] Accordingly, the district court did not abuse its discretion in denying Hellervik's motion to vacate under N.D.R.Civ.P. 60(b)(1).

B

[¶16] Hellervik also moved to vacate the judgment under N.D.R.Civ.P. 60(b)(6). Rule 60(b)(6), N.D.R.Civ.P., allows the court to relieve a party from a judgment for "any other reason that justifies relief." "The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances." *Shull v. Walcker*, 2009 ND 142, ¶ 14, 770 N.W.2d 274.

[¶17] Hellervik argues that under the liberal construction and application of Rule 60(b), *see Beaudoin*, 2005 ND 120, ¶ 33, the circumstances of this case justify relief. Specifically, Hellervik contends: it was initially represented by Raum, who made an informal appearance; after being contacted about a potential lien foreclosure, Raum then notified AE2S of his conflict of interest and his desire to ensure there were open lines of communication between Hellervik and AE2S; AE2S secured default judgment without notice of the application for default judgment being provided to Hellervik; and it diligently sought relief from the judgment.

[¶18] As discussed above, because neither Hellervik nor its counsel made an appearance, Hellervik was not entitled to notice of AE2S's application for default judgment. *See* N.D.R.Civ.P. 55(a)(3). Therefore, the district court did not abuse its discretion in denying Hellervik's motion to vacate under N.D.R.Civ.P. 60(b)(6).

IV

[¶19] We affirm the district court's order denying Hellervik's motion to vacate the default judgment.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte