# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2023 ND 216

Olson Family Limited Partnership,                               Plaintiff and Appellee

v.

Velva Parks, LLC,                                                Defendant and Appellant

No. 20230108

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jacob C. Maxson, Minot, ND, for plaintiff and appellee; submitted on brief.

William C. Black, Bismarck, ND, for defendant and appellant; submitted on brief.

## Olson Family Limited Partnership v. Velva Parks
## No. 20230108

**McEvers, Justice.**

[¶1]   Velva Parks, LLC, appeals from an order denying its motion to vacate default judgment. We affirm, concluding the district court did not abuse its discretion in denying Velva Parks' motion to vacate.

I

[¶2]   On December 12, 2022, Olson Family Limited Partnership ("Olson") served a summons and complaint on Velva Parks through Velva Parks' registered agent, Legalinc Corporate Services Inc. ("Legalinc"). Olson alleged it entered into a contract for deed with Velva Parks for the sale of its mobile home park to Velva Parks. Olson alleged Velva Parks breached their contract for deed by failing to pay the final balloon payment of $406,414 when it became due on December 1, 2022. Olson sought to have the contract judicially terminated and canceled.

[¶3]   Velva Parks failed to answer or otherwise appear within 21 days after being served with the summons and complaint. On January 3, 2023, Olson moved for default judgment. The next day, the district court issued its findings of fact, conclusions of law, and order for judgment, and entered default judgment against Velva Parks, terminating and canceling the contract for deed and ordering Olson's immediate right to possession of the mobile home park.

[¶4]   On January 20, 2023, Velva Parks moved to vacate default judgment under N.D.R.Civ.P. 60(b). In support of the motion, Velva Parks filed an affidavit from Scott Kramer, who stated he is Velva Parks' owner, and, although Legalinc is Velva Parks' registered agent, he was not notified of the service of the summons and complaint in this action. Kramer submitted a photograph of his computer screen purporting to show the electronic notifications he received from Legalinc. Kramer stated the photograph contains a true and accurate listing of all of the documents he was notified of from Legalinc and shows he was not notified of the summons and complaint. Velva Parks argued its failure

to respond to the complaint was due to mistake, inadvertence, or excusable neglect, and it has meritorious defenses to Olson's claims, such as agreeing to extend the balloon payment deadline. Velva Parks filed a proposed answer and counterclaim with its motion, and requested a hearing without specifying whether the request was for oral argument, presenting evidence, or both.

[¶5]   A hearing on the motion to vacate was held where the parties provided oral argument. Neither party called a witness or presented evidence. The district court denied the motion to vacate, concluding Velva Parks failed to show mistake, inadvertence, or excusable neglect justifying vacating default judgment. Specifically, the court noted that Velva Parks failed to provide any evidence from Legalinc regarding service and that the computer photograph without supporting testimony was "unreliable."

## II

[¶6]   Velva Parks argues the district court abused its discretion in denying its motion to vacate. Rule 60(b), N.D.R.Civ.P., allows the court to relieve a party from a final judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." We review the court's denial of a Rule 60(b) motion for an abuse of discretion. *DCI Credit Servs., Inc. v. Plemper*, 2021 ND 215, ¶ 7, 966 N.W.2d 904. The court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC*, 2016 ND 176, ¶ 10, 883 N.W.2d 917. An abuse of discretion by the court is "never assumed and must be affirmatively established." *AE2S Constr., LLC v. Hellervik Oilfield Techs. LLC*, 2021 ND 35, ¶ 10, 955 N.W.2d 82. A movant under Rule 60(b) has the burden of establishing sufficient grounds for disturbing the finality of the judgment. *Plemper*, at ¶ 7. The movant must "show more than that the lower court made a 'poor' decision, but that it positively abused the discretion it has in administering the rule. We will not overturn that court's decision merely because it is not the one we may have made if we were deciding the motion." *Id.* The court generally has "greater liberty in granting motions under N.D.R.Civ.P. 60(b) when the matter involves a default judgment rather than a judgment following a full trial on the merits."

2

*Bickler v. Happy House Movers, L.L.P.*, 2018 ND 177, ¶ 12, 915 N.W.2d 690. A Rule 60(b) motion, however, "is not a substitute for appeal and should not be used to relieve a party from free, calculated and deliberate choices he or she has made." *Id.*

[¶7]   In *AE2S Construction*, default judgment was entered against Hellervik after its registered agent received the summons and complaint and it did not answer or otherwise respond within 21 days from service of the summons and complaint. 2021 ND 35, ¶ 2. Hellervik moved to vacate default judgment under N.D.R.Civ.P. 60(b)(1), arguing mistake, inadvertence, or excusable neglect because it erroneously believed its pre-suit attorney would respond to the complaint. *Id.* at ¶¶ 11, 13. We concluded "Hellervik's disregard of service of process does not constitute mistake, inadvertence, or excusable neglect under N.D.R.Civ.P. 60(b)(1)." *Id.* at ¶ 13. We also rejected Hellervik's N.D.R.Civ.P. 60(b)(6) argument that "under the liberal construction and application of Rule 60(b), the circumstances of this case justify relief." *Id.* at ¶ 17 (citation omitted).

[¶8]   It is undisputed Legalinc is Velva Parks' registered agent, Velva Parks through Legalinc was properly served with the summons and complaint, and Velva Parks did not answer or otherwise appear within 21 days from service. *See* N.D.R.Civ.P. 12(a)(1)(A) (requiring defendant to answer within 21 days). Velva Parks argues that it did not answer or otherwise appear due to mistake, inadvertence, or excusable neglect. Specifically, it argues its registered agent did not notify it of the summons and complaint. In *AE2S Construction*, Hellervik failed to answer believing its pre-suit attorney would answer. Here, Velva Parks' owner stated it did not answer because he was unaware of the summons and complaint. The cases are similar in that the registered agents for the companies were properly served and the companies failed to answer or appear. Here, we similarly conclude Velva Parks' failure to adequately show it was unaware of the summons and complaint based on its agent's lack of notification amounts to disregard of service of process which does not constitute mistake, inadvertence, or excusable neglect under N.D.R.Civ.P. 60(b)(1). *AE2S Constr.*, 2021 ND 35, ¶ 13; *see also State v. $33,000.00 U.S.*

*Currency*, 2008 ND 96, ¶ 14, 748 N.W.2d 420 ("A simple disregard of legal process is, of course, not excusable neglect under the rule.").

[¶9] This Court has recognized that N.D.R.Civ.P. 60(b) may include relief from the mistake or neglect of others. *Kulm Credit Union v. Harter*, 157 N.W.2d 700, 707 (N.D. 1968). To the extent Velva Parks argues there is a material difference between its neglect and its registered agent's neglect, we conclude the district court did not err in determining the photograph showing notifications was unreliable without further supporting testimony or documentation. The photograph appears to show the electronic notifications Kramer received from Legalinc, of which, the summons and complaint appear to be absent based on the titles. However, as the court noted, all eight notifications in the photograph were "unread." The court also noted there was no testimony or documents from Legalinc concerning what the registered agent did, if anything, after being served by Olson. Thus, we conclude the court did not err in concluding Velva Parks failed to meet its burden of establishing sufficient grounds for disturbing the finality of the judgment.

[¶10] Velva Parks argues the district court abused its discretion by failing to liberally construe its motion and cites *Murdoff v. Murdoff* for the proposition that "[w]hen a defaulting party has a meritorious defense and timely seeks relief, doubt, if any, should be resolved in favor of the motion to set aside the judgment." 517 N.W.2d 402, 404 (N.D. 1994) (quotations omitted). Olson argues that although the court found the motion to vacate timely, Velva Parks has not shown a meritorious defense.

[¶11] Kramer stated in his affidavit, "Upon knowledge and belief, Velva Parks LLC has meritorious defenses against the claims in the Complaint." In its proposed answer, Velva Parks alleged the complaint fails to state a claim upon which relief can be granted, estoppel, release, waiver, and "any or all of the affirmative defenses contemplated by [N.D.R.Civ.P.] 8." Olson contends Kramer's conclusory statement that Velva Parks has meritorious defenses is insufficient to vacate judgment. Bare assertions without credible facts or specific legal grounds do not give rise to an allegation of a meritorious defense under N.D.R.Civ.P. 60. *$33,000.00 U.S. Currency*, 2008 ND 96, ¶ 19.

4

[¶12] Velva Parks provided nothing to specifically support any of the alleged affirmative defenses. However, as a part of its proposed counterclaim, Velva Parks alleged that they "agreed that an extension would be granted, through January of 2023, to make said balloon payment." Velva Parks does not specifically argue on appeal that its allegation that they agreed to extend the final balloon payment provides a meritorious defense. Indeed, the allegation appears as a part of its proposed breach of contract counterclaim, not as one of its affirmative defenses. However, the allegation in the counterclaim about extension is similar in substance to the affirmative defense of waiver. *See In re Estate of Sande*, 2020 ND 125, ¶ 19, 943 N.W.2d 826 ("A waiver occurs when a person voluntarily and intentionally relinquishes a known right or privilege."). The purpose of N.D.R.Civ.P. 8(c) is to prevent surprise from affirmative defenses raised for the first time at trial. *First Nat'l Bank of Belfield v. Burich*, 367 N.W.2d 148, 152 (N.D. 1985). Failure to comply precisely with Rule 8(c) is not always fatal. *Id*.

[¶13] Olson responded to the allegation in an affidavit, stating no agreement for extension had been reached. Even if the district court had broadly construed the counterclaim as an affirmative defense, Velva Parks failed to present any evidence at the hearing either through documentation or testimony that the parties actually agreed to an extension. Accordingly, we conclude the "extension" allegation is unsupported by credible facts and Velva Parks has not presented a meritorious defense warranting reversal. *See $33,000.00 U.S. Currency*, 2008 ND 96, ¶ 19 (rejecting alleged meritorious defenses because they were not supported with "enough credible facts or specific legal grounds to vacate the judgment").

[¶14] We conclude the district court did not abuse its discretion in denying the motion to vacate judgment.

III

[¶15] The order denying Velva Parks' motion to vacate default judgment is affirmed.

[¶16] Jon J. Jensen, C.J.

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Douglas A. Bahr