# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 44

Donovan Meuchel a/k/a Donavon Meuchel,                    Plaintiff and Appellant

v.

Red Trail Energy, LLC,                    Defendant and Appellee

## No. 20230127

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Justin D. Hager, Bismarck, ND, for plaintiff and appellant.

Robin W. Forward (argued), Bismarck, ND, and Jessica L. Knox (on brief), Minneapolis, MN, for defendant and appellee.

**Bahr, Justice.**

[¶1]   Donavon Meuchel appeals from a judgment dismissing his complaint requesting the district court order Red Trail Energy, LLC, to provide him certain information, and awarding attorney's fees to Red Trail after the court denied Meuchel's motion to compel discovery. We conclude the court did not err in denying Meuchel's request for information and did not err in awarding attorney's fees to Red Trail. We affirm.

I

[¶2]   Meuchel is a member and investor of Red Trail, a limited liability company. In October 2021, Meuchel commenced this action against Red Trail after his initial attempts to obtain information from Red Trail failed. Meuchel sought the information after Red Trail solicited bids for a project that involved drilling two groundwater monitoring wells as part of a carbon dioxide capture project. Meuchel's company had submitted an unsuccessful bid. Meuchel claimed a right to the information as a member of Red Trail under N.D.C.C. § 10-32.1-42.

[¶3] Red Trail answered, asserting Meuchel was not entitled to the information under N.D.C.C. § 10-32.1-42 because the information he demanded was not "material to the rights and duties" of Meuchel under Red Trail's operating agreement or N.D.C.C. ch. 10-32.1. In February 2022, Red Trail moved for summary judgment, which Meuchel opposed. Meuchel filed a motion to compel under N.D.R.Civ.P. 37, which Red Trail opposed. In May 2022, the district court held a hearing on the motions. In June 2022, the court entered orders denying summary judgment and Meuchel's motion to compel.

[¶4]   In December 2022, the district court held a bench trial, limited to whether Red Trail violated N.D.C.C. § 10-32.1-42. In an April 2023 memorandum opinion, the court held Meuchel was not entitled to the information. After a May 2023 hearing, the court entered an order awarding

attorney's fees to Red Trail based on the court denying Meuchel's motion to compel discovery. A final judgment was subsequently entered.

## II

[¶5] This Court's standard of review after a bench trial is well established:

> "In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable." *Larson v. Tonneson*, 2019 ND 230, ¶ 10, 933 N.W.2d 84. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are convinced a mistake has been made. *Id.* The court's findings are presumptively correct. *Id.* "[T]he district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations." *Id.*

*Zavanna, LLC v. GADECO, LLC*, 2023 ND 142, ¶ 5, 994 N.W.2d 133.

## III

[¶6] Meuchel argues the district court erred in denying his request for information when it determined he did not have a right to the requested information from Red Trail.

[¶7] Red Trail is a board-managed limited liability company. The North Dakota Uniform Limited Liability Company Act, codified at N.D.C.C. ch. 10-32.1, governs LLCs. Section 10-32.1-42, N.D.C.C., provides a LLC member's right to information and provides, in relevant part:

> 1. In a member-managed or board-managed limited liability company, the following rules apply:
> a. On reasonable notice, a member may inspect and copy during regular business hours, at a reasonable location specified by the company, *any record* maintained by the company regarding the activities, financial condition, and other circumstances of the company, *to the extent the information is material to the rights and duties of the member under the operating agreement or this chapter*.

2

b. The company shall furnish to each member:
(1) Without demand, any information concerning the activities, financial condition, and other circumstances of the company which the company knows and is *material to the proper exercise of the rights and duties of the member under the operating agreement or this chapter*, except to the extent the company can establish that it reasonably believes the member already knows the information; and
(2) On demand, *any other information* concerning the activities, financial condition, and other circumstances of the company, *except to the extent the demand or information demanded is unreasonable or otherwise improper under the circumstances*.
c. The duty to furnish information under subdivision b also applies to each member to the extent the member knows any of the information described in subdivision b.

(Emphasis added.)

[¶8] Under N.D.C.C. § 10-32.1-42(1)(a), addressing records, and N.D.C.C. § 10-32.1-42(1)(b)(1), addressing information, a member has a right to "any record" and "any information" that is "material" to the member's "rights and duties" under the operating agreement or N.D.C.C. ch. 10-32.1. Under N.D.C.C. § 10-32.1-42(1)(b)(2), a member has a right to "any other information" unless "the demand or information demanded is unreasonable or otherwise improper under the circumstances."

[¶9] When interpreting and applying a uniform law's provisions, this Court may look to comments "from the official editorial board for guidance[.]" *Shafer v. Scarborough*, 2022 ND 233, ¶ 21, 982 N.W.2d 864. The comments to this uniform law explain, "For the meaning of 'material' as applied to information, see Section 409(f), comment." Unif. Ltd. Liability Co. Act (2013) § 410 cmt. subsection (a)(2)(A), 6C U.L.A. 115 (2016). The comment to section 409(f) reads, "Here and elsewhere in this act, information 'is material if there is a substantial likelihood that a reasonable [decision maker] would consider it important in deciding how to vote' or take other action under this act or the operating agreements." *Id.* § 409 cmt. subsection (f), 6C U.L.A. 111 (quoting

*TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)). *See also Merriam-Webster's Collegiate Dictionary* 765 (11th ed. 2005) (defining "material" as "having real importance or great consequences"); *American Heritage Dictionary* 772 (2d Coll. ed. 1985) (defining "material" as "[o]f importance to a case; relevant"). In the context of records inspection, courts have held "[t]he determination of the reasonableness of a member's request for the inspection of records of a limited liability company will depend on the circumstances of the case and is addressed to the court's discretion." 54 C.J.S. *Limited Liability Companies* § 38 (Aug. 2023 Update).

[¶10] Neither party moved to admit an operating agreement for Red Trail into evidence. Therefore, the district court limited its analysis to N.D.C.C. ch. 10-32.1 in deciding whether Meuchel was entitled to the requested information about the bidding process. The court held Meuchel did not prove his demand for information was "material" to his rights and duties as a Red Trail member. Under N.D.C.C. § 10-32.1-42(1)(b)(1), the court found Meuchel did not provide evidence establishing he was entitled to information about the bidding process. The court found Meuchel was not a governor or board member of Red Trail and did not show he had voting power over Red Trail's activities. Without evidence Meuchel could be involved with Red Trail's bidding process, the court concluded it could not find his request was "material."

[¶11] Further, under N.D.C.C. § 10-32.1-42(1)(b)(2), the district court found Red Trail's refusal to provide information on the bidding process was not unreasonable since it kept information regarding the bidding process confidential and disclosure of the bidding information could have impacted the company's financial status. The court found Meuchel's request was "unreasonable and improper" given the impact disclosure would have on future bids and Red Trail's reputation. The court further held N.D.C.C. § 10-32.1-42(7) did not require an LLC to release information under restrictions, but that it "may" impose restrictions on information to be released.

[¶12] Meuchel argues the district court's analysis is flawed and incorrect. He argues that, although the operating agreement was not produced at trial, Red Trail's CEO testified that Meuchel as a member held both governance rights

4

and financial rights, including being able to run for the board of governors and to vote for and request things to be on the annual meeting. Meuchel contends this "unrefuted testimony" shows that in denying information to him, Red Trail infringed on his rights to bring up information at the annual meeting, to possibly run for the board, or to suggest the board needed changes.

[¶13] Red Trail responds it was Meuchel's burden to prove the demanded records and information are material to his rights and duties as a member under N.D.C.C. ch. 10-32.1, and the district court correctly decided he did not meet his burden. Red Trail asserts there were no votes or other actions Meuchel could take on its bidding process, and the project and bidding were under the purview of the board and board-designated individuals, rather than the domain of Meuchel or other members. *See* N.D.C.C. § 10-32.1-39(4) (In a board-managed LLC, "[t]he activities and affairs of a limited liability company are to be managed by and under the direction of a board of governors[.]"). Red Trail contends members only have the "consent power" under N.D.C.C. § 10-32.1-39(4)(q), which does not include management decisions on the bidding process; as such, Meuchel had no statutory right to be involved. Red Trail further argues Meuchel's demand for records and information was "unreasonable and improper," as the district court found. Red Trail asserts the court found its CEO's testimony more persuasive than Meuchel's on this point, particularly regarding the impact on the company's financial status and the effect disclosure would have on its future bids and reputation.

[¶14] Meuchel largely bases his right to information on the testimony of Red Trail's CEO. He does not rely on the operating agreement or provide a contrary statutory interpretation. Meuchel challenges the district court's factual findings regarding "materiality" and "reasonableness."

[¶15] We review the district court's findings of fact under the clearly erroneous standard of review. We review the court's exercise of its discretion in deciding a member's information request under N.D.C.C. § 10-32.1-42 under the abuse of discretion standard. "The court abuses its discretion 'when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.'" *Don's Garden Ctr., Inc. v. Garden Dist. Inc.*, 2024 ND

5

25, ¶ 10 (quoting *Olson Fam. Ltd. P'ship v. Velva Parks, LLC*, 2023 ND 216, ¶ 6, 997 N.W.2d 840).

[¶16] In exercising its discretion, the district court considered a member's rights in the context of a board-managed LLC governed by N.D.C.C. § 10-32.1-39(4) and made a number of factual findings supporting its decision. The court's factual findings are not clearly erroneous. "The district court was in the best position to weigh the evidence and determine the credibility of the witnesses[.]" *Dronen v. Dronen*, 2009 ND 70, ¶ 24, 764 N.W.2d 675. "Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses[.]" *Edison v. Edison*, 2023 ND 141, ¶ 24, 994 N.W.2d 151 (quoting *Rustad v. Baumgartner*, 2018 ND 268, ¶ 4, 920 N.W.2d 465).

[¶17] The district court's findings of fact supporting its decision were not induced by an erroneous view of the law, there is evidence to support the findings, and after reviewing all of the evidence we are not convinced a mistake has been made. On the basis of the court's "materiality" and "reasonableness" findings, we conclude disclosure of the bidding process was not mandated under the statute. Therefore, under the facts as found by the court, the court did not abuse its discretion in denying Meuchel's request for information.

IV

[¶18] Meuchel argues the district court erred in awarding attorney's fees to Red Trail after denying his motion to compel.

[¶19] Under N.D.R.Civ.P. 37(a)(5)(B):

> If the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.

"[T]he court must not order this payment if the motion was *substantially justified* or other circumstances make an award of expenses unjust." *Id.* (emphasis added). "[W]hether a party acted in good faith under N.D.R.Civ.P.

6

37(a)(1) is a question of fact." *PHI Fin. Servs. v. Johnston L. Off., P.C.*, 2016 ND 114, ¶ 12, 881 N.W.2d 216. This Court reviews the decision on whether to grant an order to compel for an abuse of discretion and reviews factual findings supporting the decision, including whether a party, in good faith, attempted to confer, under the clearly erroneous standard. *Id.*

[¶20] The district court found Meuchel served a document on Red Trail labeled "Rule 37 Certification." After identifying alleged deficiencies in Red Trail's discovery responses, the document stated, "In an effort to secure the information without court intervention, you will be granted until 5:00 p.m. on Thursday, March 10, 2022 to secure the information and provide it according to the rules. Failure to do so will result in a Motion to Compel." Red Trail responded to the document by sending Meuchel a letter explaining its answers and suggesting the parties have a conference to discuss the matter. Meuchel responded by bringing his motion to compel.

[¶21] The district court made the following findings:

> Plaintiff's counsel did not confer, nor did he attempt to confer with Defendant's counsel before making this Motion to Compel Discovery. His Rule 37 Certification is a demand pleading, telling Defendant's counsel what is going to happen if they do not comply. Plaintiff's counsel did not send an email, a letter or even make a telephone call in an attempt to "confer" or amicably resolve the issue.
> . . . .
> Plaintiff's counsel did not confer with Defendant's counsel. He simply issued a demand.
> . . . .
> Defendant's counsel sent a letter after receiving the Rule 37 Certification pleading, explaining their answers. They also suggested that they would be open to a teleconference to discuss the matter. That also did not occur. A good faith effort to resolve this issue before court intervention did not occur.
> . . . .
> In looking at the totality of the circumstances, this Court finds that the Plaintiff did not make a good faith effort to meaningfully discuss the discovery dispute, and did not make a

7

genuine attempt to resolve the dispute through non-judicial means.

Based on its findings, the court denied Meuchel's motion and awarded Red Trail its attorney's fees and costs for the motion.

[¶22] After another hearing, the district court awarded attorney's fees of $6,516.46. The court acknowledged 16.5 hours of work "may seem excessive," but notes it did not find any duplicative billing and was unwilling to penalize the "thorough job in creating and preparing" Red Trail's response to the motion.

[¶23] Meuchel argues the district court erred in finding he failed to confer or attempt to confer in good faith because he essentially failed to make a phone call. He argues the exhibit letters demonstrate the refusal to comply with discovery was a continuation of Red Trail's refusal to provide the information. Meuchel's counsel asserts he sincerely believed it would have been a waste of time for both parties to hold a phone conference and argues the amount of attorney's fees awarded was unjust.

[¶24] Rule 37(a)(1), N.D.R.Civ.P., requires a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action." Thus, a facially valid motion to compel requires two components, an actual certification document and performance. Performance has two elements: the first element of performance is "good faith," the second element is conferring (or attempting to confer). *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). "Each of these two subcomponents must be manifested by the facts of a particular case in order for a certification to have efficacy and for the discovery motion to be considered." *Id.*

[¶25] The North Dakota Rules of Civil Procedure do not define what constitutes good faith under N.D.R.Civ.P. 37(a)(1). *See PHI Fin. Servs.*, 2016 ND 114, ¶ 10. However, in *PHI Financial Services*, this Court stated the good faith standard outlined in *Shuffle Master* is "persuasive as a guide to courts in looking to the totality of the circumstances to determine the existence or

8

nonexistence of good faith under N.D.R.Civ.P. 37(a)(1)." *PHI Fin. Servs.*, at ¶ 11. "Because good faith determinations must be predicated upon the particularities of a given situation, whether a party acted in good faith under N.D.R.Civ.P. 37(a)(1) is a question of fact." *Id.* at ¶ 12.

[¶26] Although Rule 37 does not identify detailed certification requirements, to effectuate the underlying policy of the rule, counsel seeking court-facilitated discovery must "adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Shuffle Master*, 170 F.R.D. at 171. "That is, a certificate must include, *inter alia,* the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any." *Id.*

[¶27] Good faith conferral or attempts to confer generally require more than mere demand letters or emails. Conferring requires a party actually communicate by phone or in person, or at least sincerely attempt to do so. *See, e.g.*, *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (holding district court properly granted a motion to compel and did not clearly err in finding defendant "attempted to confer with Plaintiffs in good faith" when defendant repeatedly attempted to confer regarding the incomplete discovery responses and notified plaintiffs of the discovery deficiencies by letter before seeking court intervention); *Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006) (holding district court did not abuse its discretion in denying motion to compel when movant failed to show parties attempted to confer to resolve discovery request); *Tijerina-Salazar v. Venegas*, No. 19-CV-00074-DC-DF, 2021 WL 6011137, at *7 (W.D. Tex. Dec. 20, 2021) (holding a single letter and an alleged call "placed eight days after the letter was sent, and four weeks before the motion was filed," was insufficient to show plaintiff attempted to establish a "two-way communication"); *Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1145 (D. Nev. 2015) (denying motion to compel concluding a meet and confer was insufficient when devoid of meaningful discussion of the specific objections); *Engleman v. United States*, No. 4:14CV00601 JLH, 2015 WL 12696094, at *1 (E.D. Ark. Sept. 24, 2015) ("Writing a demand letter and

stating a deadline does not constitute conferring in good faith."); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398-99 (S.D. Tex. 2012) (stating movant must at least attempt a "two-way communication . . . to genuinely discuss any discovery issues and to avoid judicial recourse," and not "treat the informal negotiation process as simply a formal prerequisite to judicial review of the discovery dispute"); *In re Johnson*, 408 B.R. 115, 120-21 (Bankr. S.D. Ohio 2009) (stating conferring must be a personal or telephonic consultation during which the parties engage in meaningful discussion regarding their positions).[1]

[¶28] As explained in *Shuffle Master*, the "conferment" component of performance "requires a party to have had or attempted to have had an actual meeting or conference":

> Such an obligation is clear from the plain meaning of the word "confer", which derives from the Latin roots *com* meaning "together" and *ferre* meaning "to bring." Hence, the word literally translates as "to bring together." The Court therefore finds that in order to bring a proper motion to compel under Rule 37(a)(2)(B), a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.

170 F.R.D. at 171.

[¶29] The holding in *PHI Financial Services* supports the district court's findings and conclusion in this case. In *PHI Financial Services*, in addition to writing a letter, the movant attempted to contact the respondent to confer. The court found the movant attempted to confer in good faith before seeking the order to compel because it did not seek the motion until "after multiple exchanges," including an actual attempt to confer. 2016 ND 114, ¶ 13. The respondent's "inaction in answering the remaining interrogatories over the course of nearly two months and several communications indicates the parties

---

[1] Although not binding, federal court interpretations of a federal rule of civil procedure are highly persuasive in construing North Dakota's corresponding rule. *See PHI Fin. Servs.*, 2016 ND 114, ¶¶ 11-12.

were unlikely to resolve the dispute without judicial intervention." *Id*. Here, Meuchel sent a demand and did not attempt to communicate by phone or in person regarding the discovery disputes.

[¶30] The district court found Meuchel did not attempt to confer with Red Trail; he simply issued a demand. The court's findings Meuchel never actually discussed or attempted to discuss the discovery disputes with Red Trail are not clearly erroneous. Based on the court's findings, the court did not abuse its discretion in awarding attorney's fees under N.D.R.Civ.P. 37(a)(5)(B).

[¶31] The court is considered an expert in deciding the amount of attorney's fees, and the amount and reasonableness of the fees will not be overturned absent a clear abuse of discretion. *Trosen v. Trosen*, 2022 ND 216, ¶ 48, 982 N.W.2d 527; *Riemers v. State*, 2008 ND 101, ¶ 8, 750 N.W.2d 407. Meuchel has not demonstrated the court abused its discretion in awarding the amount of attorney's fees.

V

[¶32] We affirm the judgment.

[¶33] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

11